The State National Bank of Springfield, Illinois, *v.* Bennett.

No. 1,058.

THE STATE NATIONAL BANK OF SPRINGFIELD, ILLINOIS,
*v.* BENNETT.

EVIDENCE.—*Conditional Examination of Plaintiff by Defendant.—Use of in Several Cases.—Agreement as to.—Grounds of Objection.*—Where defendant took what is styled a "conditional examination of plaintiff," under an agreement in which it is stated that there are several cases involving similar questions, the agreement providing that any testimony that may be thus taken at the instance of the defendant may be used by the plaintiff, at his option, so far as the same may be relevant, in each and all of such cases, and according the same right to the defendant, but providing that neither party to the agreement waives any question as to the competency or relevancy of such testimony; in such case, the only grounds of objection to such testimony that will be heard are those as to its relevancy or incompetency.

SAME.—*Patent-Right Note.—Statutory Requirement.—Ignorance of.*—In an action on a note given for a patent–right, where the note did not disclose the fact that it was "given for a patent-right," as required by statute, there was no substantial error in refusing to permit plaintiff, an assignee and nonresident, to show that its officers had no knowledge of such statutory requirement, for the want of such knowledge could not be considered as tending to establish plaintiff's good faith.

SAME.—*Action by Assignee of Note for Patent-Right.—Notice.—Newspaper Articles Charging Payees with Fraud.*—In an action on a promissory note given for a patent-right, by the assignee thereof, the note not having been drawn in compliance with the law of this State, it was not error for the court to admit in evidence certain newspaper accounts of the arrest of one of the payees of the note, about two months before the assignment thereof, in which articles the payees were charged with swindling parties by selling a patent-right which had expired, the court instructing the jury that the articles were to be considered only as bearing upon the question of notice to plaintiff, the assignee, other evidence having been admitted tending to show that plaintiff's officers had read these articles before they purchased the note in suit.

APPELLATE COURT PRACTICE.—*Evidence.—What Objections Considered.*—The Appellate Court will consider only such grounds of objection in relation to evidence as were presented to the trial court.

INSTRUCTIONS TO JURY.—*Law Applicable to Issues, to Evidence.*—The

rule that instructions should be applicable to the evidence does not preclude the court from stating to the jury the law applicable to the issues made by the parties.

SAME.—*Not Signed.—Refused.—No Question Saved.*—No question can be saved as to instructions asked by a party and refused, where the instructions are not signed by the party or his attorney.

PROMISSORY NOTE.—*Purchaser Fraudulently Refraining from Inquiry.— Good Faith.—Notice.*—Where the purchaser of a note fraudulently refrained from inquiry lest he should thereby discover the transaction out of which it originated, he can not assume the attitude of a holder in good faith without notice.

From the Hamilton Circuit Court.

*G. Shirts* and *I. A. Kilbourne,* for appellant.

*J. A. Roberts, M. Vestal, W. S. Christian* and *I. W. Christian,* for appellee.

GAVIN, J.—Appellant sued appellee upon a promissory note dated November 8th, 1890, due in one year, executed to Bernard & Hunter, payable at the Citizens' State Bank of Noblesville, Ind., the note having been assigned to appellant by indorsement thereon before maturity and for a valuable consideration.

For answer appellee set up:

1st. That the note was given for the right to sell a certain patent fence, and that the affidavit and copy of letters patent, required by section 6054, R. S. 1881, had not been filed in the proper clerk's office, nor had the words "given for a patent-right" been inserted therein, according to the terms of this statute.

2d. Want of consideration.

3d. That the consideration of the note was the right to use and sell a certain patent fence, and false representations, in that it was not patented as represented, which were relied upon by appellee.

In each paragraph it is averred that appellant had, at the time of the purchase of the note, full knowledge of the facts therein set forth.

The State National Bank of Springfield, Illinois, v. Bennett.

The only questions here presented arise upon the motion for new trial.

What is styled the "conditional examination of plaintiff," being the evidence of its officers, was taken by appellee under an agreement, in which it is recited that there are several cases involving similar questions, and is also provided "that any testimony that may be thus taken at the instance of the defendant in this case may be used by the plaintiff, at its option, and also at the plaintiff's option, such testimony so far as the same may be relevant may be admitted in evidence in each and all of said cases.

The defendant in each of said cases has the right also, if they shall so desire, to introduce such testimony in said several cases. But neither party to this agreement waives any question as to the competency or relevancy of any such testimony."

By the terms of this agreement, the only objections which could be heard are those relating to the competency or relevancy of this testimony, and appellants are precluded from questioning it on the ground that it is taken as a "conditional examination" rather than as a deposition.

Under the circumstances of this case, there was no material error in refusing to permit appellant to show that its officers had no knowledge of the law of Indiana regarding patent-right notes. Such want of knowledge could not be considered as tending to establish the good faith of appellant.

The sixth, seventh, eighth, and ninth specifications relate to evidence admitted over appellant's objection. No ground of objection whatever was stated to the court. Consequently, no question is saved for our consideration. The general rule is that the Appellate Court will consider only such grounds of objections as are pre-

sented to the trial court.  *Swaim* v. *Swaim*, 134 Ind.
596, 33 N. E. Rep. 792; *Noftsger* v. *Smith*, 6 Ind. App.
54, 32 N. E. Rep. 1024.

The court admitted in evidence certain newspaper ac-
counts of the arrest of one of the payees of this note, at
Muncie, Ind., about two months before the assignment
of this note, in which the payees were charged with
swindling parties by selling for $144 some right con-
nected with a fence claimed to be patented but on which
the patent had long ago expired.  The jury were ex-
pressly instructed that the articles were to be considered
only as bearing upon the question of notice to appel-
lant.  In view of the evidence tending to show that ap-
pellant's officers read these articles before they purchased
the note in suit, and that they understood the Muncie
transactions were but a part of the regular business of
Bernard & Hunter, in the course of which this note had
been taken, the evidence was competent for the purpose
for which it was admitted.

The objection raised by the fifteenth cause for new trial
is subject to the same infirmity found in the sixth,
seventh, etc.

Instructions Nos. 2, 3, 5, 6, given by the court, are
complained of.  These instructions state the law as to
the issue formed by the first paragraph of the answer.
Objection is made to them for the reason that they are
inapplicable to the evidence as claimed by appellant.
The objection urged against them goes rather to the suf-
ficiency of the evidence to sustain the answer, than to the
correctness of the instructions, which state the law fairly
and correctly as applicable to the issue made by the
pleading.

If the written contract showed, as asserted by counsel,
that no patent right, either real or claimed, entered into
the consideration of the note, then there was a failure of

proof as to this issue. But the rule that an instruction should be applicable to the evidence, as laid down in *Summerlot* v. *Hamilton*, 121 Ind. 87, can not be construed to mean that the court errs in stating to the jury correctly the law applicable to the issues made by the parties.

The instructions stated the law correctly as far as they went, and did not, in any degree, intimate to the jury that the written contract referred to sustained the answer.

If the appellant desired the court to place a construction upon this contract, he should have asked for it. Elliott's App. Proced., section 647; *Barnett* v. *State*, 100 Ind. 171.

Section 6055, R. S. 1881, applies in terms to any "patent-right or right claimed" to be a patent-right. We are unaware of any rule of law requiring such "claim" to be made in writing, nor can we see any good reason for such a requirement.

Counsel argue that whether appellant fraudulently refrained from inquiry was not the issue in this case, but simply whether or not it had notice of the vice in the consideration of the note.

Where the consideration of the note is illegal, or it is obtained from the maker by fraud, the burden is upon the holder to show that he purchased it in good faith, without notice, and in the usual course of business. *Giberson* v. *Jolley*, 120 Ind. 301; *Tescher* v. *Merea*, 118 Ind. 586; *First National Bank* v. *Ruhl*, 122 Ind. 279; *Schmueckle* v. *Waters*, 125 Ind. 265; *Farmers' Loan and Trust Co.* v. *Canada, etc., R. W. Co.*, 127 Ind. 250; *Bunting* v. *Mick*, 5 Ind. App. 289.

In *Schmueckle* v. *Waters, supra*, it is said by MITCHELL, Judge: "Where, however, the circumstances show that the purchaser of paper refrained from making inquiry lest he should thereby become acquainted with the trans-

action out of which the note originated, he can not occupy the attitude of a holder in good faith without notice.''

The rule thus laid down we regard as an extremely equitable and salutary one. No man should be permitted to willfully close his eyes and then excuse himself upon the ground that he did not see. The instructions upon the question of notice we regard as being fully as favorable to appellant as he was entitled to ask.

The instructions asked were not, so far as the record discloses, signed by the appellant or its attorneys. The contention of appellee must, therefore, be sustained, and we are compelled to hold that no question thereon is saved. *Board, etc.,* v. *Legg,* 110 Ind. 479; *State* v. *Sutton,* 99 Ind. 300; *Beatty* v. *Brummett,* 94 Ind. 76; *Darnell* v. *Sallee,* 7 Ind. App. 581, 34 N. E. Rep. 1020.

We have, however, examined the instructions asked, as set out in the record, and are of opinion that so far as they state the law they are fully covered by the charges given.

The evidence fully sustains the verdict.

We have found no material error in the cause, and the judgment is, therefore, affirmed.

DAVIS, C. J., did not participate in this decision.

Filed Jan. 23, 1894.