# TERRE HAUTE ELECTRIC COMPANY *v.* ROBERTS, GUARDIAN.

[No. 21,676.  Filed May 24, 1910.  Motion to modify mandate overruled June 10, 1910.]

1. APPEAL.— *Transfers.— Decisions by Full Bench of Appellate Court.*—Section 1394 Burns 1908, subd. 2, Acts 1901 p. 565, §10, providing that if a petition for a rehearing is filed "in either of said divisions of the Appellate Court and said petition is overruled," a petition to transfer to the Supreme Court may be filed, when considered with §1399 Burns 1908, Acts 1901 p. 565, §15, providing that where the three judges of either division of the Appellate Court cannot agree upon a decision, "the case shall be submitted to and be decided by the entire Appellate Court," authorizes a transfer from a decision of the full bench of the Appellate Court.  p. 352.

2. PLEADING.—*Evidence.—Variance.*—The plaintiff must recover according to the allegations of his complaint, or not at all.  p. 354.

3. PLEADING.— *Complaint.— Sufficiency.*— A complaint must state facts necessary for a person of ordinary understanding to know what is intended, and to apprise defendant of the precise accusation he will be called upon to meet at the trial.  p. 354.

4. PLEADING.—*Evidence.—Variance.—Trial.*—Where a complaint alleging that defendant committed certain negligent acts is answered by a general denial, defendant cannot be held liable for any other delinquency, nor is evidence of other wrongs competent, or proper for the consideration of the jury.  p. 355.

5. TRIAL.—*Instructions.—Applicability to Evidence.*—Instructions must be limited to the evidence admissible within the issues in the case.  p. 355.

6. RAILROADS.— *Street.— Backing Cars Around Corners.— Instructions.—Variance.*—In an action against a street railroad company for negligence in backing its cars around a street corner, without a signal or a lookout, and without the ability on the part of the motorman to see the rear of the car, an instruction that if there was time, in the exercise of ordinary care, for the motorman to see the plaintiff on the track and the motorman failed to do so, and ran over the plaintiff, to his injury, the jury would be authorized to find for the plaintiff, is prejudicial and wholly irrelevant.  p. 356.

7. APPEAL.—*Questions Presented.—Res Judicata.*—Where the only question presented on a former appeal was the propriety of giving a peremptory instruction, other questions arising subsequently are not determined by the decision therein.  p. 358.

From Parke Circuit Court; *Gould G. Rheuby,* Judge.

Action by Henry Roberts, as guardian of Frank Roberts, a minor, against the Terre Haute Electric Company. From a judgment on a verdict for plaintiff for $2,500, defendant appeals. (Transferred from Appellate Court under §1394 Burns 1908, subd. 2, Acts 1901 p. 565, §10.) *Reversed.*

*McNutt & McNutt, Harry S. Wallace, J. S. McFaddin* and *W. H. Latta,* for appellant.

*Robert B. Stimson, Frank S. Rawley, John O. Piety* and *Howard Maxwell,* for appellee.

HADLEY, J.—Appellant questions our jurisdiction to entertain a petition to transfer this cause from the Appellate Court to the Supreme Court, under subdivision two

1. of §1394 Burns 1908, Acts 1901 p. 565, §10, on the ground that the determination was not by a division of the court, but by the entire Appellate Court. Section 1399 Burns 1908, Acts 1901 p. 565, §15, providing that "whenever, upon the determination of any appeal, it shall appear that the three judges of the division do not concur in the result, the case shall be submitted to and be decided by the entire Appellate Court, * * * and the judgment of the Appellate Court in such cases shall be governed in all respects by the law applicable to the judgment of a division," must be read with §1394, *supra,* which makes the legislative intent clear that the right to petition for a transfer to the Supreme Court applies to all final determinations of the Appellate Court, whether sitting in division, or as one body. Any other construction would, in a measure, defeat the object the legislature had in view in providing for such transfers, which was, as we said in the case of *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, "to keep the decisions of the two courts of appeal harmonious and consistent, and thus avoid the confusion that would arise from two incompatible lines of legal interpretation."

Appellant operates a street-car system in the city of Terre

Haute. One of its tracks runs east and west on Wabash avenue; another runs north and south on Ninth street. Beginning on Ninth street, a few feet north of the intersection, a connecting track curving southward and westward enters the main track on Wabash avenue at a point sixty-three feet from the beginning. Appellant ran freight-trains over its tracks, composed of one motor-car and one trailer. On October 8, 1901, such a freight-train had passed out on Ninth street—the motor-car to the north and the trailer to the south. A parade of citizens was passing along Wabash avenue, and there were many spectators on the street, of which number appellee's ward was one. Appellant's employes in charge of said freight-train, desiring to pass from Ninth street onto Wabash avenue, backed said train over the curve with the trailer in front, without a guard or lookout at the forward end of the trailer, and while so doing, appellee's ward was struck by said trailer and injured. Appellee sues to recover damages for the injuries suffered by his ward, alleging that they were caused by the negligence of appellant in the backing of said freight-train over said curve to Wabash avenue.

The complaint is in one paragraph, the pertinent and substantial averments of which follow: "That the main line of appellant's railroad runs east and west along Wabash avenue near the center of said city; that a branch of said railroad runs north from Wabash avenue along Ninth street, which is connected with the main line by a curve to the west about sixty feet in length; that it is dangerous and unsafe to people using the street for trains or street-cars to run over said street without a motor-car in front and a motorman to control said car at the front end of the car, in a position where he can see the track, the street and the people in front of said train; that just prior to inflicting the injury to appellee's ward, a train of appellee's cars was standing on the Ninth street branch of the railroad, at or near

the point where it curves westward into Wabash avenue, which consisted of two cars—a motor-car at the north end of the train and a trailer coupled to it on the south; that a parade of citizens was at the time passing, and a crowd of spectators filled the street, among whom was appellee's ward, who was upon the street near the west end of the curve when defendant unlawfully and negligently started said train and backed it around said curve through said crowd into Wabash avenue, and in so doing knocked said ward down and ran said trailer over him, causing the injury complained of; that appellant failed to have any person on said trailer as a lookout while backing, as aforesaid, and negligently placed the motorman who backed said train where it was not possible for him to see the track, the street or the people in front of said backing train, and negligently failed to place a lookout on said train in a place where he could see the track, the street or the people in front of said backing train.''

There was no demurrer to the complaint. The answer was a general denial. Trial by jury, and verdict and judgment for appellee. The error assigned is the overruling of appellant's motion for a new trial. The questions discussed relate to the giving and refusing to give instructions, the chief and controlling contention involving the relevancy of instructions ten and twenty-one, given upon request of appellee.

It is fundamental that in civil actions the plaintiff must recover upon the case he makes in his complaint, or not at all; that he cannot sue upon one state of facts and 2. recover upon another. This means that he must set forth the facts, or grounds, upon which he seeks a recovery, with such particularity and certainty as to enable a person of common understanding to know what is 3. intended (§343 Burns 1908, §338 R. S. 1881), and thus fully and surely to apprise defendant of the precise accusation he is called upon to meet at the trial.

*Borders* v. *Williams* (1900), 155 Ind. 36; *Cincinnati, etc., R. Co.* v. *McLain* (1897), 148 Ind. 188; *Bixel* v. *Bixel* (1886), 107 Ind. 534, 537; *Paris* v. *Strong* (1875), 51 Ind. 339.

In the complaint four acts of negligence are, in a manner, charged against appellant, to wit:    (1)  A parade was passing on the street, and appellee's ward, with a crowd of spectators, was standing on the street near the west end of the curve "when the defendant unlawfully and negligently started said train and backed it around said curve through said crowd into Wabash avenue, and in so doing knocked said ward down and ran said trailer over him, causing the injury complained of.    (2)  Appellant negligently failed to have any person on said trailer as a lookout while backing as aforesaid.    (3)  Appellant negligently placed the motorman who backed said train where it was not possible for him to see the track, the street or the people in front of said backing train.    (4)  Appellant negligently failed to place a lookout on said train in a place where he could see the track, the street and the people in front of said backing train."

No fault is charged against defendant, other than those before specified, and under the issues formed by the general denial it cannot be called upon in this action to respond in damages for any other delinquency.  Besides, no evidence was competent or proper for the consideration of the jury that did not relate to some particular issue formed on the complaint as before indicated.

It is furthermore fundamental that the instructions of the court to the jury must follow the evidence, and be limited to an exposition of the legal effect upon the issues on trial of the relevant facts before the jury for determination.

In the case of *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, we said, in speaking upon the same subject:  "Instructions to the jury must be confined to the issues.  It is fundamental that a plaintiff can recover only upon the com-

plaint he makes; that is, he cannot complain of one thing, and recover for another. Hence in directing the jury as to the rules of law that shall guide them in reaching their verdict, the court must avoid leading them away from the issue made by the pleadings, and into giving effect to facts not in the case. If extraneous and irrelevant facts have been disclosed by the evidence which are likely to influence the jury, the latter should be admonished to disregard them; and a statement of the law relating to such irrelevant facts without limitation, and in such manner as naturally to lead the jury to believe such facts effective in the consideration of their verdict, will constitute reversible error, because inclined to mislead the jury. *Lindley* v. *Sullivan* [1893], 133 Ind. 588, 592; *McKeen* v. *Porter* [1893], 134 Ind. 483, 490; *Nichol* v. *Thomas* [1876], 53 Ind. 42, 52; 2 Elliott, Gen. Pr. §899. The propriety of an instruction is to be determined, not by whether it embodies a correct statement of the law upon a given state of facts, but whether it correctly states the law relevant to the issuable facts given in evidence on the trial.'' See, also, *Shirk* v. *Mitchell* (1894), 137 Ind. 185, 196.

Instruction twenty-one is in these words: ''The law casts upon persons in charge of street-cars the duty to be vigilant in observing the tracks ahead of their cars and

6.   to avoid danger by collision with persons on the track; and to avoid inflicting injury upon a person upon the track in a dangerous position the car must be stopped if there is time to stop it, in the exercise of ordinary care, after the danger is observed, or should have been observed. And in this case, if you shall find by a preponderance of all the evidence that there was time, in the exercise of ordinary care, for the motorman to stop the car after seeing or after he was bound to see, in the exercise of ordinary care, the dangerous position of plaintiff's ward upon the track ahead of the car, if you find he was in said position, and that the motorman failed to exercise such care to check the speed of

the car, but ran against and over plaintiff's ward and injured him as alleged in the complaint, then you are at liberty to find that defendant was guilty of negligence in the premises.''

It will be borne in mind that the wrong charged in the complaint against appellant is the backing of the train around the curve and through a crowd of spectators in Wabash avenue, the injured boy being one, with the trailer in front without a guard or lookout, and the motor-car behind with the operating motorman so stationed in the rear of the motor-car that it was impossible for him to see the street, the track, or the people in front of the backing train.

The kernel of the complaint is the backing of the train into the crowded street without a guard in front, and with the operator so stationed in the rear that he could not possibly see the track, the people, or the street in front of the train. It was this charge of negligence that defendant was brought into court to answer, and none other. It could not be expected to be fully prepared to defend itself against a charge brought after the trial was well over. Judged by the complaint, what reason had defendant to believe that plaintiff would claim, as a basis of recovery, that the boy fell upon the track in front of the moving train, and that the motorman saw, or might have seen, the lad in his perilous position in time to stop the train and avoid the injury?

There is not a suggestion in the complaint of such ground of recovery, and hence no warning or notice to defendant that such a claim would be made. The truth is, the complaint itself negatives such a basis for damages, in that it charges that the motorman was so stationed in the rear of the motor-car that he could not possibly see the track or the people in front of the going train. If he could not possibly see the track, he could not, by the exercise of any kind of care, have seen the prostrate boy upon it in time to prevent the injury.

Under the instruction quoted, the jury might consistently

believe that it was authorized to find for the plaintiff, though it should find that appellant was guilty of none of the acts of negligence charged against it in the complaint. And there is much reason for believing that this is just what it did, and that the verdict has no proper foundation. Instruction twenty-one was clearly irrelevant and misleading. Instruction ten is of the same character, and also erroneous.

The decision of the Appellate Court in a former appeal (*Roberts* v. *Terre Haute Electric Co.* [1906], 37 Ind. App. 664) did not settle any question involved in this. The only question before the court in the former appeal related to the action of the court in giving the jury a peremptory instruction to return a verdict in favor of appellant, and the decision of the court had no further effect than to hold that the evidence warranted a submission of the case to the jury.

Judgment of the circuit court is reversed, with instructions to grant appellant a new trial.