CHICAGO & EASTERN ILLINOIS RAILWAY COMPANY
*v.* FELLING.

[No. 15,118. Filed March 11, 1936. Rehearing denied
June 4, 1936.]

Beasley, Aikman, O'Brien & Beasley, K. L. Richmond and *Aikman & Sawyer,* for appellant.

*George W. Wells* and *Mark Lyday,* for appellee.

DUDINE, J.—This is an action instituted by appellee against appellant to recover damages for personal injuries sustained by appellee in a collision of an automobile in which he was riding as a guest, and appellant's freight train at a street intersection. The train was crossing the street at the time of the collision.

A complaint in two paragraphs and an answer in general denial formed the issues upon which the cause was submitted to the court and a jury for trial. Interrogatories were submitted to and answered by the jury, and the jury returned a verdict in favor of appellee in the sum of $500.00. Appellant filed a motion for judgment in its favor upon the interrogatories, and the answers thereto, which motion the court overruled. Appellant also filed a motion for new trial which was overruled. Judgment was rendered upon the verdict and this appeal was perfected.

The errors relied upon for reversal are: (1) Error in overruling appellant's motion for judgment in its favor

on the interrogatories and answers thereto; (2) error in overruling appellant's motion for new trial.

The causes for new trial which are stated in the motion therefor are that the verdict of the jury is not sustained by sufficient evidence; the verdict of the jury is contrary to law; the court erred in the giving of each of certain instructions to the jury; the court erred in refusing to give each of certain instructions to the jury which were tendered by appellant.

The first paragraph of complaint alleged negligence on the part of appellant in operating its train upon and across said street in the following particulars: (a) failure to ring a bell or sound a gong; (b) failure to have a light on the head end of the train; (c) failure to lower the gates at said crossing; (d) failure to have a flagman at said crossing; (e) failure to give any warning or notice of any kind to appellee of the approach of the train; (f) failure to have anyone on the end of the train as it approached the crossing, to warn appellee of the approach of the train.

The second paragraph of complaint alleged the violation, by appellant, of an ordinance requiring appellant to erect and operate gates at said intersection, in that appellant's watchman failed to lower the gates and thus failed to warn appellee of the approach of the train.

There is evidence in the record which shows that on the date of the collision appellant was maintaining ten railroad tracks across Ohio Street, in the city of Terre Haute. The tracks ran north and south at that point and Ohio Street ran east and west. There was one set of three tracks with gates on each side, and another set of seven tracks with gates on each side, about seventy-seven feet east of the three tracks.

The collision occurred about 10:30 P. M. Appellee, a high school student, and five other "neighbor boys" had been to a basketball game at East Glenn High School, and

were en route to Terre Haute in a sedan automobile. Appellee was not driving the automobile and had no control over it. Three boys were in each seat of the automobile. Appellee was sitting in front between two of his companions. He was acquainted with the premises. The automobile approached the crossing from the west at a speed of approximately twelve miles per hour, and continued at said rate across the set of three tracks, and up to the fourth track of the next set, where it collided with appellant's train which was then being pushed northward across the street. The lights on the automobile were "good." The occupants of the car "could see ahead of the car about one hundred fifty to one hundred seventy-five feet," and they could see the full width of the street. As they reached the crossing appellee looked and listened for trains, and continued doing so as they proceeded across the tracks, but he heard no whistle or bell, and saw no train. Appellee looked north, south and straight ahead. for trains. At the moment of the collision he was looking north to see whether a train was approaching. The three gates through which they had passed were "up." There was no flagman on the crossing. There were no lights or lanterns on the train which could be seen by the occupants of the automobile. "No warning of any kind was given . . . (them) . . . that a train was approaching." The train consisted of six freight cars, an engine and a tender. The engine was on the south side of the string of cars. The headlight of the engine was burning but its light was deflected by a box car which immediately preceded it. The head car was a red box car. The second car was an orange refrigerator car. The automobile collided with the head car, at the south end thereof. Three boards of the wall of the box car were broken, and the grab iron and sill step were bent by the impact. At the time of the

collision the automobile was being driven "just south of the center line" of the street.

Appellant contends the evidence indisputably shows that the automobile ran into the train, and both paragraphs of complaint alleged that the train ran into the automobile, and therefore the verdict is not sustained by sufficient evidence and is contrary to law. Appellant contends further that if the verdict be permitted to stand it would be permitting appellee to recover on a theory which was not alleged in the complaint. In support of said contentions appellant cites *Terre Haute, etc., R. Co.* v. *McCorkle* (1894), 140 Ind. 613, 40 N. E. 62; *Terre Haute, etc., R. Co.* v. *Roberts* (1910), 174 Ind. 351, 91 N. E. 941; *Lewis* v. *Pennsylvania R. R. Co.* (1932), 95 Ind. App. 19, 165 N. E. 774, 169 N. E. 68; and other cases.

We of course recognize, as a rule of law, that a party must recover on a theory alleged in the complaint, or not recover at all, but we hold that it can not be said that in this case appellee has recovered on a theory which was not alleged in the complaint. We think the theory of the complaint is that the collision was caused by appellant's alleged negligence in failing to warn appellee of the approach of the train. If the evidence is sufficient to sustain a finding that appellant was negligent in failing to warn appellee of the approach of the train in any one or more of the particulars alleged in the complaint, and that such negligence was the proximate cause of appellee's injuries, it can not be held that the verdict is based upon a theory which is not alleged in the complaint.

Whether the train hit the automobile, or the automobile hit the train is not material in this case except insofar as it proves or disproves negligence on the part of appellant or contributory negligence upon the part of appellee. See *Wagner* v. *Toledo, etc., R. R.* (1933), 352 Ill. 85, 185 N. E. 236. The ultimate fact to be determined

was not *how* they collided, but whether or not the collision was caused proximately by appellant.

Of the cases cited by appellant to sustain said contention *Lewis* v. *Pennsylvania R. R., supra,* is most similar to the instant case. It was alleged in the first paragraph of complaint in that case that a mail sack was thrown from a moving train into or near a receiving pen and that the sack struck the ground "and bounded into said highway and fell upon the plaintiff." In the second paragraph of complaint in that case it was alleged that while the train was running at a rate of sixty to seventy miles per hour the mail sack was discharged from the train and it "either lit in the east end of said pen or east of said pen and by reason of the momentum acquired by the speed of the train, bounced or bounded into said highway . . . and struck plaintiff." The cause was tried by jury, and a verdict and judgment in favor of the defendant were rendered. In discussing the sufficiency of the evidence to sustain the verdict, and the assigned error that the verdict was contrary to law, this court held that the evidence indisputably showed that the mail sack was not thrown in the pen nor near the east end thereof and from there bounded into Franklin Street, "but that the mail sack could not have bounded from the pen or near the east end thereof and have struck appellant *'as contended by him',*" and therefore "the negligence with which appellee (railroad company) is (was) charged *could not* have caused appellant's injury." (Our italics.)

The question as to whether appellant in that case was hit by the mail sack *as alleged in the complaint* or otherwise, *was* material, because, as this court held in that case, "under such conditions as appears by the uncontradicted evidence the happening (of the accident as alleged in the complaint) *was a physical impossibility.*" (Our italics.) That this court so considered that ques-

tion is apparent from the following abstract from this court's opinion on rehearing, to wit (p. 26):

"It is to be kept in mind that by the averments of the first paragraph of complaint, appellee's negligence consisted of the improper construction of the pen, the improper location of the same and in permitting the mail clerks to pursue a custom of attempting to throw their sacks from the train into the pen under such conditions; and that by the averments of the second paragraph of complaint, the negligence of appellee consisted, under the same conditions, in negligently running its train at an excessive rate of speed, and permitting, and acquiescing in, the dangerous custom of the mail clerks in attempting to throw their mail sacks into the pen. It follows then that if, on the occasion complained of, it did not appear by the evidence that the mail sacks were thrown into the pen or on the ground near the east end of it and that they bounded or bounced therefrom into Franklin Street, the negligence with which appellee is charged in the complaint and each paragraph thereof did not result in the accident which produced appellant's injury."

Appellant also contends that the verdict in the instant case is not sustained by sufficient evidence and is contrary to law, because the evidence indisputably shows that the cut of cars traveled slowly, that the lead box car was forty feet long, and that the automobile collided with the car about forty feet back from the foremost end. Appellant cites *Pennsylvania R. R. Co.* v. *Huss* (1933), 96 Ind. App. 71, 180 N. E. 919; *C. C. C. & St. L. R. Co.* v. *Gillespie* (1933), 96 Ind. App. 535, 173 N. E. 708.

In the Huss case, *supra*, the appellant's freight train, consisting of twenty-nine freight cars, had stopped, with the thirteenth car standing on a public highway crossing, and while appellant's employees were engaged in making a cut of cars, the automobile, in which appellee was riding, collided with the thirteenth car. A ver-

dict and judgment for damages was recovered by the appellee, and on appeal the judgment was reversed. In that case the plaintiff had charged the railroad company with negligence in failing to place signals at the crossing. With reference to such charges of negligence this court said in effect that the purpose of signals is to warn persons "that a train is *approaching,* and to protect them from danger or injury likely to ensue, if they attempt to use such crossing before the train passes thereover." Appellant apparently relies on the language of this court which follows that statement, to wit, "Common knowledge and experience is sufficient to warn that the crossing can not ·be used when already occupied, and the law does not require that information be given of an existing fact that *ordinary observation* will disclose." (Our italics.)

Appellant's point seems to be that since the evidence indisputably shows that the train in the instant case was traveling slowly, across the street, in plain view of appellee, and had traveled at least forty feet on the street before the collision, appellee can not recover for failure of appellant to give appellee warning of the approach of the train, because "ordinary observation" would warn appellee that the crossing was occupied, and the law would not require the railroad company to give appellee such information.

We find no fault with the statement of law in the Huss case last quoted above. The difficulty arises in applying said statement of law to the facts in a particular case. The question as to whether or not "ordinary observation" would have disclosed the car, which was "standing" (not approaching) the crossing in that case, was a question of law under uncontradicted evidence; while the question whether or not "ordinary observation" would have disclosed the car which was approaching the crossing in the instant case, was a question of

fact, which was for the jury to determine. In the instant case we may assume that the jury determined that "ordinary observation" would not have disclosed the car.

It should be noted that in the Huss case this court held "that the *sole* proximate cause of the injury . . . as disclosed by the uncontradicted evidence was the negligence of the driver of the automobile. . . ." We can not say that with reference to this case.

The facts in the Gillespie case, *supra*, cited by appellant, are very similar to the facts in the Huss case, *supra*, and a similar result was reached in the trial court and in this court. Therefore we will not discuss the Gillespie case, *supra*.

The evidence which we have referred to, when considered with all inferences which may be drawn therefrom and which are favorable to the verdict, is sufficient to sustain a *general* finding by the jury that the railroad company failed to give due warning to appellee, in at least one of the particulars alleged in the complaint, and that the collision would not have occurred but for such failure to give such warning. The evidence is sufficient also to sustain a general finding by the jury that appellee was negligent and that his negligence was the proximate cause of the injuries, but the evidence on that subject is not so conclusive as to warrant a holding by this court that appellant was guilty of contributory negligence as a matter of law. In such cases we must hold that the verdict is sustained by sufficient evidence.

Appellant has not presented any questions with reference to any of the alleged errors, to wit, (1) error in overruling appellant's motion for a verdict in its favor on the interrogatories and answers thereto, (2) error in giving each of several instructions, or (3) error in refusing to give each of several instructions which were

tendered by appellant, which questions were not presented by appellant with reference to the alleged errors in that the verdict was contrary to law, and that the verdict was not sustained by sufficient evidence, and therefore we will not discuss said other alleged errors.

No reversible error having been shown, the judgment is affirmed.

Kime, P. J., dissenting.