PFISTERER BY HER NEXT FRIEND *v.* GRISHAM ET AL.

[No. 20,050. Filed September 10, 1965. Rehearing denied September 29, 1965.]

*Theodore Lockyear, Jr., Thomas Lockyear,* and *Lockyear & Lockyear,* of Evansville, for appellant.

*Weyerbacher, Lacey & Rideout,* of Boonville, and *Olsen & Niederhaus,* of Evansville, for appellees.

BIERLY, C. J.—Defendants, Jesse Grisham and Margie Grisham, d/b/a Perdido Lake, maintained a public lake and amusement area in Warrick County, Indiana. One of the popular attractions thereon was a slide approximately eighteen (18) to twenty (20) feet high at the head of the slide, and extending approximately fifteen (15) to eighteen (18) feet into the lake. To use the slide the invitee ascended a ladder or stairway to reach the top of the slide.

Plaintiff, Sandra Pfisterer, age 13, as an invitee, visited Perdido Lake on July 4, 1960, and proceeded, with a girl companion, to use said slide by climbing to the top thereof, thence going down the slide into the lake. Appellant, while sliding down the slide into the lake, sustained an injury to her left index finger which was cut off down to the third joint.

Appellant, in her complaint, charged that the injury resulted from the careless and negligent acts of the appellees in that appellees negligently and carelessly designed, built, constructed and erected a slide with metal bracing and posts which extended to the edge of the slide on both sides, and which were of sharp metal and made the slide unfit for the purpose of sliding into said lake; that they were negligent and careless in failing and neglecting to warn persons using the slide that the metal braces were in close proximity

to the sliding portion of the slide; that they failed and neglected to insulate the braces in order to prevent injury to persons using the slide; that they failed and neglected to prevent persons from using the slide when the same was unfit for use and the appellees knew, or in the exercise of reasonable care, should have known, that the slide was unfit for use; that they failed to inspect the slide for dangerous conditions; and that they failed to maintain the slide in a reasonably safe condition.

The appellees filed their answer in compliance with Rule 1-3 of the Supreme Court.

The cause was tried to a jury which rendered a verdict for appellees and against appellant and, thereafter, a consistent judgment was entered thereon.

Appellant's sole assignment of errors is that the trial court erred in overruling appellant's motion for a new trial. Under this assignment of errors, appellant sets forth ten specifications of error, all of which concern the giving of certain appellees' instructions over the objections of appellant.

The salient facts are that on or about the 4th of July, 1960 the appellees owned and operated Perdido Lake; and that the general public was invited to use the lake and amusement facilities located thereon. The slide, which allegedly caused the injuries, was erected on July 1, 1960.

Appellant testified that in July of 1960, she went to Perdido Lake with her mother, father and sister; and that this was the first time that she had ever visited there. Soon after arriving at the lake, appellant and a girl friend decided to go swimming but the girl friend wanted first to go down the "slicky-slide". Since this was a very popular attraction, they had to

stand in line awaiting their turn. A lifeguard was on duty but he did not tell them how to use the slide. There were no signs informing the users how to use it or to warn of any danger. Appellant had never used the slide before this time, and after climbing the ladder to reach the top, she waited for the person in front of her to go down and get out of her way. Appellant sat on the slide with her legs extended in front of her and began her descent in a normal manner. After negotiating a hump near the top, she lost her balance when near the middle and in so doing grabbed the left side of the slide and thence continued to the bottom and into the water. Perceiving that she was dizzy, she treaded water to get to the other side of the slide and thence saw blood dripping down the front of her swim suit, also down her left leg, and then discovered that a portion of her left finger was missing. In her testimony, appellant was unable to specify the place or places where she grabbed the slide after she lost her balance.

The record evidence disclosed that a search was instituted to locate the missing portion of appellant's finger, but it was not found nor was there any trace of blood or flesh visible on the slide. Appellant testified that she did not strike anything in the water which could have caused the injury.

Appellant contends specifically that the trial court committed reversible error in giving to the jury appellees' Instructions Nos. 10, 13, and 19. As we are of the opinion that we are required to reverse on the basis of the giving of Instruction No. 19, we will comment only briefly on Instructions Nos. 10 and 13.

Appellees' Instruction No. 10 charged the jury that if they find from a fair preponderance of the evidence

that the appellees exercised reasonable care in providing for the safety of the appellant, *while upon the premises,* then their verdict should be for the appellees.

Appellant argues that Instruction No. 10 allows the jury to find for the appellees if they (appellees) exercised reasonable care in the "overall safety of the premises."

While we do not feel that Instruction No. 10 was so defective as to mislead the jury and thereby constitute prejudicial error, it is apparent that the instruction was too broad and general and should have been phrased more specifically.

Appellees' Instruction No. 13 instructed the jury, in substance, that if they find that the appellees acted as reasonable persons in the designing, construction and installation of the slide, then the appellees would not be liable for appellant's injury and the jury should find for the appellees.

Appellant objected to the instruction for the reason that the instruction is mandatory and allows the jury to find for the appellees in the designing, construction and installation of the slide, thereby allowing the jury to eliminate the other alleged acts of negligence.

We are of the opinion that appellant's argument is untenable. We agree with appellees in that all the alleged acts of negligence relate back to the first allegation of negligent design, construction and installation of the slide.

Appellees' Instruction No. 19, which was given, instructed the jury that " . . . if you find that the plaintiff therein knew, or in the exercise of reasonable care, should have known that the use of the defendants' slide, as alleged in her complaint, could result in injury to herself and you further find that she voluntarily

assumed the risk of such injury, then the plaintiff should not recover and your verdict should be for the defendants."

Indiana decisions attempt to draw a distinction between assumed risk and incurred risk, depending upon whether there is a contractual relationship between the parties involved. However, it appears that the underlying principles in either case are the same. In any event, we are of the opinion that an instruction on assumed or incurred risk under the facts of the case at bar was erroneous.

In *Pittsburgh, etc. R. Co.* v. *Hoffman* (1914), 57 Ind. App. 431, 107 N. E. 315, this court held:

"In a case where the principle of assumption of risk applies, the person subjected to such principle is held to assume the risk incident to the enterprise, when properly equipped and conducted, and in addition, he assumes all risks growing out of defects or dangers of which he had either actual or constructive knowledge, and which he understands and appreciates although such additional risks have their origin in the negligence of the one who in the particular matter sustains to him the relation of master or other contractual relation. . . .

". . . It may be granted that in relations other than contractual, there is applied in negligence cases a principle very similar in its nature to the principle of the assumption of risk, as, where one voluntarily uses a defective bridge, street, highway or sidewalk, with actual or constructive knowledge of its condition, and as a consequence of such use, suffers an injury. No term of universal application is used to designate the principle involved which in such cases may defeat the right to recover for such injury. The hazard encountered under such circumstances is referred to by the courts as an incurred risk, and sometimes as an assumed risk, while the fact that one so encounters it is sometimes called taking the risk. In all such cases, application of the maxim *volenti non fit injuria*,

'that to which a person consents is not deemed in law an injury', may defeat a recovery. (Citing cases)." See also: *National, etc. Vehicle Co.* v. *Kellum* (1916), 184 Ind. 457, 109 N. E. 196; *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 65 N. E. 918; *Ridgway* v. *Yenny; Ridgway* v. *Lombardo* (1944), 223 Ind. 16, 57 N. E. 2d 581.

In light of the principles of law deductible from the foregoing cases, it appears, and we conclude, that the doctrine of assumed or incurred risk may, under certain circumstances, defeat an action where the plaintiff voluntarily assumes a danger or risk of which he possesses actual or constructive knowledge. This principle was enunciated in *Murphy* v. *Steeplechase Amusement Co.* (1929), 250 N. Y. 479, 166 N. E. 173, wherein the plaintiff instituted an action for personal injuries resulting from a fall at an amusement park while riding on an attraction known as "The Flopper". "The Flopper" was a moving belt, running upon an inclined plane, on which passengers sat or stood, with padded walls on either side to a height of four feet. Plaintiff alleged that the belt was dangerous to life and limb in that it stopped and started violently; that it was operated at a fast and dangerous rate of speed and was not supplied with proper railings or other devices to prevent a fall. The court, speaking through Cardozo, J., held:

"We see no adequate basis for a finding that the belt was out of order. It was already in motion when the plaintiff put his foot on it. He cannot help himself to a verdict in such circumstance by the addition of the facile comment that it threw him with a jerk. . . .

" . . . .

" . . . But the jerk, if it were established, would add little to the case. Whether the movement of the belt was uniform or irregular, the risk at great-

est was a fall. This was the very hazard that was invited and foreseen. . . . .

"*Volenti non fit injuria.* One who takes part in such a sport accepts the dangers that inhere in it so far as they are obvious and necessary, just as a fencer accepts the risk of a thrust by his antagonist or a spectator at a ball game the chance of contact with the ball. . . ."

Although appellant, in the case at bar, had on previous occasions been down slides, this was the first time that she had been down this particular slide, as supported by the evidence. Appellant assumed or incurred the risks inherent and incident to the use of this slide, but she did not assume or incur the risk that the slide might be defectively constructed. Appellant could not assume or incur the risk of a latent defect of which she had neither notice nor knowledge, either express or implied. *Valentine Co.* v. *Sloan* (1913), 53 Ind. App. 69, 101 N. E. 102; *Indiana, etc. Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 65 N. E. 918.

The evidence in the case at bar fails to establish that the appellant knew or should have known of the alleged defect in the slide and thus an essential element was lacking. Therefore, the jury should have been allowed to determine if the appellees were negligent in the construction, erection and installation of the slide in question. An instruction on assumption of risk was, as a matter of law, erroneous and clearly prejudicial to the interests of the appellant.

Appellant further argues that appellees' Instructions Nos. 14 and 25 erroneously instructed the jury on contributory negligence. Appellant argues that appellees failed to present evidence to sustain an instruction on contributory negligence.

As appellant tendered an instruction on contributory negligence, she has not preserved error on appeal.

However, due to the importance of the question on retrial, we shall comment briefly upon the applicability of contributory negligence. In *Huey* v. *Milligan* (1961), 242 Ind. 93, 175 N. E. 2d 698, the court stated:

"While the decisions of both this and the Appellate Court contain much loose language and gratuitous dicta on the subject of what is necessary to prove contributory negligence, there is recognized in all the better-reasoned opinions the one common factor—that in order to sustain a defense of contributory negligence the plaintiff must have been guilty of negligence which in more than a slight or remote degree contributed to or helped to produce the injuries; . . . [citing cases]; or that such negligence of the plaintiff was in some manner a concurring or co-operating proximate cause of the injury.

"The rule which has generally been followed in Indiana conforms to that enunciated by Restatement of the Law of Torts which defines contributory negligence as conduct on the part of the plaintiff 'which is a legally contributing cause, cooperating with the negligence of the defendant in bringing about the plaintiff's harm.' Restatement, Torts, Vol. 2, § 463, p. 1227, (1934)."

It is our opinion that *the evidence presented at this particular trial* failed to establish the elements of contributory negligence and an instruction on the same was prejudicial error.

For the reasons set forth above, the judgment of the trial court is reversed, with instructions to the trial court to grant plaintiff's motion for new trial and for further proceedings not inconsistent with this opinion.

Judgment reversed.

Hunter and Mote, JJ., concur; Smith, J., concurs in result only; with opinion to follow.

CONCURRING OPINION.

SMITH, J.—I concur in the result arrived at in the opinion written by Judge Bierly and concurred in by Judges Hunter and Mote. The reversal of this case is predicated upon the proposition that the trial court committed reversible error in submitting to the jury instruction number 19. With this conclusion I am in agreement.

Instruction 19 reads as follows:

"The court instructs you that all persons are required to assume certain risks which are inherent to existence and to regular and normal functions of life. Every act done by a human being carries with it a certain amount of risk and not every risk may be one which is chargeable to the negligence of some other person.

"If a person knowingly and willingly accepts the possibility that injury may result as a result of such risk, then that person cannot be held liable to a person whose actions or omissions may have created the risk. The voluntary assumption of such a risk carries with it a concurrent responsibility to assume the results that may occur from assuming such a risk. The pursuit of happiness in recreational activities is not only a normal and customary activity but is one which is fraught with risk. There are hazards and perils which cannot be eliminated in the exercise of ordinary care in the operation of public amusement places, and to require a standard of absolute care from the operators of such places would not only cause them to become insurers of the safety of their patrons but would create burdens quite different and much more restrictive from those placed upon other activities permitted in our society. Therefore, *if you find that the plaintiff herein knew, or in the exercise of reasonable care, should have known that the use of the defendants' slide, as alleged in her complaint, could result in injury to herself and you further find that she voluntarily assumed the risk of such injury, then the plaintiff should not recover and your verdict should be for the defendants.* (Emphasis supplied)

From an examination and consideration of this instruction it appears that the trial court correctly stated the Indiana law defining the doctrine of assumed or incurred risk.

However, instructions given to a jury must be confined to the issues and should state correct legal principles so that the jury may be able to apply them to the issues to which they are germane. See, West's I.L.E. Trial, §221.

It is further the law of this state that instructions must be predicated not only on the issues but also on the evidence in the case; and the giving of instructions which are not sustained by the evidence is reversible error. In the case of *New York Central R. Co.* v. *Powell* (1942), 221 Ind. 321, 47 N. E. 2d 615, our Supreme Court, in substance, held that instructions of the court to the jury in a civil action must follow the evidence and be limited to an exposition of the legal effect upon the issues on trial of the relevant facts before the jury for determination. See also, *Jarrett* v. *Ellis* (1923), 193 Ind. 687, 141 N. E. 627; *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675; *Terre Haute Electric Co.* v. *Roberts* (1910), 174 Ind. 351, 91 N. E. 941; *Hayes Freight Lines* v. *Oestricher* (1946), 117 Ind. App. 143, 66 N. E. 2d 612.

The rule that an instruction should be applicable to the evidence cannot be construed to mean that the court is in error in stating correctly to the jury the law applicable to the issues made by the parties. See, *State Natl. Bank* v. *Bennett*, (1894), 8 Ind. App. 679, 36 N. E. 551. However, in determining whether an instruction is applicable to the evidence the court is required to consider the evidence in its entirety, together with all reasonable inferences which may be

drawn therefrom. *Pennsylvania Ice & Coal Co.* v. *Elischer* (1939), 106 Ind. App. 613, 21 N. E. (2d) 436.

Instruction number 19 assumes that the appellant-plaintiff incurred not only the risk inherent and incidental to the use of the slide, but *she also incurred the risk that the slide might be defectively constructed.* The record evidence is uncontroverted that the appellant-plaintiff had on previous occasions slid down similar slides. However, the record evidence is also uncontroverted that, at the time of the accident in question, it was the first time she had slid down this particular slide. There was no evidence or inference that might be drawn therefrom that the appellant-plaintiff was aware of any defect in the construction of the slide and that she was aware of any hidden or latent defect in said slide.

The rule as enunciated by our courts of appeal, appears to be that while a person incurs the risk inherent and incidental to the use of a recreational facility, such person does not incur the risk that such facility may be defectively constructed.

In *Valentine Co.* v. *Sloan* (1913), 53 Ind. App. 69, 72, 101 N. E. 102, our Supreme Court held in substance as follows: the doctrine of assumption of risk does not apply in the case of a person injured by reason of the unevenness of the steps in an aisle of an opera house, where it appears in the evidence without contradiction that the injured party had never been in the building before and had no knowledge of the condition of the steps and was unable to see the condition of the steps. See also, *Indiana etc. Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 65 N. E. 918.

Applying this principle of law to the facts and issues in the case at bar, it is my opinion that the appellant-plaintiff did not incur the risk of a hidden or latent

defect in the slide of which she had no knowledge either expressed or implied. It is my opinion that the facts in the case at bar fail to establish that the appellant knew or should have known of the alleged defect in the slide and thus an essential element in the doctrine of incurred risk was lacking; and that the jury should have been allowed to determine whether or not the appellees were negligent in the construction, erection and installation of the slide in question.

The opinion further discusses alleged errors predictated upon the giving of instructions number 10, 13, 14 and 25.

Instructions 14 and 25 instructed the jury on the law applicable to contributory negligence. In view of the fact that the appellant tendered an instruction on contributory negligence, I agree with the conclusion stated in the opinion that the appellant has not preserved error in the giving of such instructions. However, I do not agree that it is necessary to write an exhaustive exposition on the rule of law concerning contributory negligence; and it is not necessary to consider any such assigned error in said instructions in view of the fact that the opinion concluded the giving of instruction number 19 is reversible error.

The same thing can be said about the discussion of the alleged errors contained in instructions number 10 and 13.

It is my opinion that the statutory responsibility of this Court is to review assigned errors and make decisions thereon. We are not a court of education and instruction and are not called upon to educate trial courts to keep them from falling into possible error. Therefore, I do not agree with the statement contained in the opinion that we are required to comment briefly upon all alleged errors "due to the importance of the

questions that might be raised on re-trial." Any discussion and conclusions of assigned errors arrived at not necessary for a final determination of an appeal amounts to mere dictum and certainly could in no way be binding upon any trial court in the re-trial of this cause. At the most such discussions and conclusions arrived at could be advisory only.

NOTE.—Reported in 210 N. E. 2d 75.