Coetta **MORRIS**, George Alsup, and Katheryn Alsup, Plaintiffs-Appellants,

v.

Thomas N. **SPRATT**, Defendant-Appellee.

No. 84–3042.

United States Court of Appeals, Seventh Circuit.

Argued June 4, 1985.

Decided July 24, 1985.

Albert C. Hand, Highland, Ind., for plaintiffs-appellants.

William F. McNagny, Barrett, Barrett & McNagny, Fort Wayne, Ind., for defendant-appellee.

Before CUDAHY and EASTERBROOK, Circuit Judges, and SWYGERT, Senior Circuit Judge.

SWYGERT, Senior Circuit Judge.

This diversity action arises out of an automobile accident that occurred on June 26, 1980, at the intersection of U.S. Highway 30 and Indiana State Road 19 in Kosciusko County, Indiana. Plaintiffs Coetta Morris ("Coetta"), George Alsup ("George"), and his wife Katheryn Alsup ("Katheryn") appeal from a jury verdict in the United States District Court for the Northern District of Indiana denying their claims for damages allegedly resulting from the automobile accident. We affirm.

The facts of this case as developed at trial are as follows. George, Coetta, and Katheryn left Fort Wayne, Indiana for Chicago, Illinois sometime between 12:00 noon and 2:30 p.m. on June 26, 1980. George was driving his Datsun 280Z 2 + 2 on U.S. 30 and Coetta and Katheryn were passengers. Before getting into George's car, the three plaintiffs each consumed at least one bottle of "Champale." Katheryn sat in the front passenger seat; Coetta, along with two other passengers, laid down behind the driver's seat. During the trip neither Coetta nor Katheryn wore seat belts nor objected to George's operation of the car.

Between Fort Wayne and Chicago, U.S. 30 and State Road 19 intersect. Approximately one-quarter mile before the intersection is a hill that prevents any driver travelling west on U.S. 30 (toward Chicago) from seeing the intersection until the driver reaches the top of the hill. George testified that when he reached the top of the hill, at approximately 3:00 p.m. on June 26, he saw defendant Thomas N. Spratt's van stopped in the intersection on State Road 19. Spratt proceeded across the eastbound lanes to the median where he either slowed down or stopped. Spratt and his wife Florence Spratt, a passenger in the van, testified that they looked or "kind of looked" for approaching westbound traffic but that they saw no traffic within the visible one-quarter mile.

George testified that when he saw Spratt's van, he decelerated to approximately forty to fifty miles per hour and moved into the right lane to allow Spratt more room to enter, although two eye-witnesses testified that just before the accident they saw George traveling between 85 and 90 mph. According to George, just before he entered the intersection, Spratt's van "surged" forward into the right westbound lane, hitting, and then climbing on top of his car. George did not blow his horn or brake before the accident; he claimed he did brake during the accident although there were no brake skid marks at the scene. George's car continued to travel approximately 84 feet after colliding with Spratt's van, and the van flipped over on its top. Marijuana, beer, and wine were found in George's car after the accident. On August 11, 1981, the plaintiffs instituted the instant action against Thomas N. Spratt. Both Katheryn and Coetta claimed damages for personal injuries. In addition, George and Katheryn claimed damages for the loss of each other's consortium.

I

The only significant issue raised on appeal is whether the district judge erred in denying Coetta's and Katheryn's summary judgment motions. Relying on a prior state court judgment, *Spratt v. Alsup*, No. CTC 81–60 (Marshall Cir.Ct. Nov. 16, 1982); *see Spratt v. Alsup*, 468 N.E.2d 1059 (Ind. App.Ct.1984), Coetta and Katheryn filed motions for partial summary judgment seeking to preclude Spratt from litigating the issue of his liability for their injuries. In the state court action, the Spratts sued George for personal injury arising from the collision on June 26, 1980. George counterclaimed against the Spratts for the injuries that he sustained as a result of the accident, and he was awarded $10,000 in damages. The Indiana Court of Appeals affirmed the verdict on the ground that the evidence was sufficient to show that Florence Spratt was negligent in failing to see George's car and to warn her husband

about the approaching vehicle. *Spratt,* 468 N.E.2d at 1064.[1]

The plaintiffs in the instant action claimed that the state court judgment conclusively established the Spratts' negligence during the accident and hence established Spratt's liability for their injuries. The district judge held, however, that Coetta and Katheryn were not entitled to summary judgment on any of their claims, *Alsup v. Spratt,* 577 F.Supp. 557, 562 (N.D. Ind.1983). He did grant George's partial summary judgment motion on his claim for loss of Katheryn's consortium.

■ Coetta and Katheryn do not dispute that in diversity cases state law determines the preclusive effect to be given to prior state court judgments, *see McCarthy v. Amoco Pipeline Co.,* 595 F.2d 389, 396 (7th Cir.1979); *Nathan v. Tenna Corp.,* 560 F.2d 761, 763 (7th Cir.1977); *Wetherill v. University of Chicago,* 548 F.Supp. 66, 68 n. 5 (N.D.Ill.1982); *see also Marrese v. American Acad. of Orthopaedic Surgeons,* —— U.S. ——, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985), or that the district judge correctly determined that Indiana law does not permit the offensive use of collateral estoppel, *see Tobin v. McClellan,* 225 Ind. 335, 344, 73 N.E.2d 679, 683 (1947); *Dayton v. Fisher,* 34 Ind. 356, 358 (1870); *Burtrum v. Wheeler,* 440 N.E.2d 1147, 1153 (Ind.Ct.App.1982); *State, Indiana State Highway Comm'n v. Speidel,* 181 Ind.App. 448, 453, 392 N.E.2d 1172, 1175 (1979). Rather, they make three arguments in an attempt to circumvent Indiana's rule of collateral estoppel. They first argue that an exception to Indiana's rule permits them to offensively use the state court judgment. *See Mayhew and Huston v. Deiter,* 144 Ind.App. 111, 244 N.E.2d 448 (1969). In *Mayhew,* the court held that the requirements for use of collateral estoppel in Indiana need not be met when the liability of the defendant asserting collateral estoppel is dependent on or derived from the liability of one who was exonerated in an earlier suit brought by the same plaintiff on the same facts. *Id.* at 122, 244 N.E.2d at 454. Clearly, Coetta and Katheryn do not fall under this exception.

■ Second, they assert that George's federal summary judgment, *Alsup v. Spratt,* 577 F.Supp. 557, rather than the state court judgment, is the basis for their summary judgment motions. Relying on *Crowder v. Lash,* 687 F.2d 996, 1011 (7th Cir.1982), they argue that they can offensively use this judgment against Spratt because federal law determines the preclusive effect to be given to George's federal summary judgment.

Plaintiffs are correct that in *Crowder* this court applied federal law to determine whether the offensive use of collateral estoppel would be permitted. But that case involved the offensive use of a *prior* federal judgment of a federal district court (*see Aikens v. Lash,* 371 F.Supp. 482 (N.D.Ind. 1974), *aff'd,* 514 F.2d 55 (7th Cir.1975), *vacated on other grounds,* 425 U.S. 947, 96 S.Ct. 1721, 48 L.Ed.2d 191 (1976)), rendered in an entirely separate litigation. In the instant action, the alleged federal "judgment" was entered in the same action in which plaintiffs seek to use that "judgment," and hence the rationale of *Crowder* does not apply.

At the time the district judge denied Coetta's and Katheryn's motions for summary judgment, no final judgment had yet been entered on George's claim. Hence, at least at the time the district judge originally decided Coetta's and Katheryn's motions, *Crowder* was simply inapplicable. Because final judgment was not entered on George's claim until after trial took place, plaintiffs' argument that the district judge erred (under *Crowder*) in not granting them summary judgment on their claims before trial is simply nonsensical. Were we to accept plaintiffs' argument, we

---

1. The court also held that the Spratts would have been entitled to a new trial if, at trial, they had moved for a mistrial on the basis of George's deliberate and improper interjection of the fact that the Spratts were fully insured. The Spratts decided against moving for a mistrial for tactical reasons. *Spratt,* 468 N.E.2d at 1061–62. It is clear, however, that the state court judgment against the Spratts is not subject to collateral attack in this court.

would be reversing a district court judgment when no error had been committed below.

In essence, the plaintiffs' argument is nothing more than a thinly-veiled attempt by the plaintiffs to bootstrap themselves into a position superior to that which they would have been in had this action been brought in state court, and to circumvent the Supreme Court's mandate that the federal courts are to give the same preclusive effect to a state court judgment as would the state from which the judgment emerged. *See Marrese,* —— U.S. at ——, 105 S.Ct. at 1331–32; *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–1898, 72 L.Ed.2d 262 (1982); *Allen v. McCurry,* 449 U.S. 90, 95–96, 101 S.Ct. 411, 415–416, 66 L.Ed.2d 308 (1980); 28 U.S.C. § 1738 (1982). Even if we were to give any credence to Coetta's and Katheryn's argument, the fact remains that George's federal judgment is based on the state court judgment. Thus it is the collateral estoppel effect of the prior state court judgment that is really at issue here. Plaintiffs cannot overturn the district judge's valid order denying their motions for summary judgment by this attempt to elevate form over substance.

In addition, it should be noted that Spratt's liability for George's injuries does not establish his liability for Coetta's and Katheryn's claims. The state court judgment merely established Spratt's negligence. To establish Spratt's liability for their claims, the plaintiffs must show that Spratt was negligent and that they were not negligent, *Hedgecock v. Orlosky,* 220 Ind. 390, 395–96, 44 N.E.2d 93, 95–96 (1942), and that they did not incur the risk of their injuries. *Pfisterer v. Grisham,* 137 Ind.App. 565, 571, 210 N.E.2d 75, 78–79 (1965). Thus, Spratt's liability for George's injuries, whether founded on the state court judgment or on the federal summary judgment, is not the same issue as his liability for Coetta's and Katheryn's claims.

Finally, Katheryn argues that given the derivative nature of her loss of consortium claim,[2] Indiana's bar on the use of offensive collateral estoppel does not prevent her use of the state court judgment. *Bender v. Peay,* 433 N.E.2d 788, 791 (Ind.Ct.App.1982). She argues that Spratt's liability for her loss of consortium is therefore established. Again, we reject this argument. Although the Indiana courts have held that the offensive use of collateral estoppel is permitted for loss of consortium claims, *see Bender,* 433 N.E.2d at 791, contributory negligence can bar such a claim. *See Gillam v. J.C. Penney Co.,* 341 F.2d 457, 462 (7th Cir.1965). *See also Alsup,* 577 F.Supp. at 562 (Because summary judgment was entered in favor of George on his loss of consortium claim, Spratt could not litigate whether George's own negligence barred his recovery for loss of consortium.) Thus, Spratt was entitled to litigate the issue of whether Katheryn's own contributory negligence barred her recovery for loss of George's consortium, although he was not entitled to relitigate his liability for George's injuries. The district judge and the parties recognized this fact, and the district judge properly informed the jury of Spratt's liability to George.

Based on the foregoing, we hold that because the state court judgment is the sole basis for the plaintiffs' summary judgment motions and because Indiana law does not permit them to use the state court judgment for collateral estoppel purposes, the district judge correctly denied plaintiffs' summary judgment motions.

II

We have considered plaintiffs' other arguments and find them to be without merit. The district judge correctly denied plaintiffs' motions for judgment on the evidence and for judgment notwithstanding the verdict because the evidence adduced at

---

2. The law in Indiana is clear that a wife can recover for loss of consortium against a person who has injured her husband. *Troue v. Marker,* 253 Ind. 284, 293, 252 N.E.2d 800, 806 (1969). The loss of consortium claim derives its viability from the validity of the husband's personal injury claim. *Arthur v. Arthur,* 156 Ind.App. 405, 406, 296 N.E.2d 912, 913 (1973).

trial does not show uncontrovertedly that the defendant was negligent and that the plaintiffs were not negligent and did not incur the risk of their injuries. *See Huff v. Travelers Indemnity Co.*, 266 Ind. 414, 420, 363 N.E.2d 985, 990 (1977); *Hedgecock*, 220 Ind. at 390, 44 N.E.2d at 93; *Pfisterer*, 137 Ind.App. at 571, 210 N.E.2d at 78. The district judge also did not abuse his discretion in denying a new trial because the verdict was clearly supported by the weight of the evidence. *See Christmas v. Sanders*, 759 F.2d 1284, 1289 (7th Cir. 1985); *General Foam Fabricators v. Tennaco Chemicals, Inc.*, 695 F.2d 281, 288 (7th Cir.1982). Nor did the district judge err in instructing the jury on contributory negligence and incurred risk. Ample evidence was presented at trial that George negligently operated his vehicle and that Coetta and Katheryn incurred the risk of their injuries. Therefore, the jury instructions were predicated on the evidence, *Dukes GMC, Inc. v. Erskine*, 447 N.E.2d 1118, 1122 (Ind.Ct.App.1983), and hence were properly given, *id.* Finally, the district judge did not err in taxing costs of $815.00 against the plaintiffs. Pursuant to Fed.R.Civ.P. 54(d), costs are allowed as a matter of course to the prevailing party unless the court otherwise directs. Plaintiffs' claim that Spratt should be denied costs because Spratt acted in bad faith by rendering the litigation unnecessarily long and expensive is without merit. Nothing in the record demonstrates that the defendant (and not the plaintiffs, as the district court found) acted in bad faith and hence was not entitled to recover these nonexorbitant costs.

The judgment of the district court is therefore affirmed.