CHARLES KING, JR. *v.* CITY OF GARY, INDIANA.

[No. 871S219. Filed May 24, 1973.]

*Hilbert L. Bradley, Thomas G. Walter,* of Gary, for appellant.

*J. Robert Miertschin, Jr.,* Assistant City Attorney, *Melvin Morris, Jackie Shropshire,* all of Gary, for appellee.

GIVAN, J.—The appellant is a police officer of the City of Gary, Indiana. At a hearing before the Gary Police Civil Service Commission, he was suspended from service as a police officer. Judicial review in the Lake Superior Court, Room 3, resulted in an affirmance of the administrative determination. Appellant now appeals to this Court claiming error in the proceedings below.

The record reveals the following facts:

On August 4, 1970, the appellant went to a known gambling house in Gary where he remained from about 10:00 P.M. until 11:00 o'clock the following morning. During this period of time the appellant engaged in gambling and drinking of intoxicating liquor. The appellant lost money during this time in a dice game. He became angry, claiming his fellow players had cheated him, displayed a cocked gun and demanded that his losses be repaid to him. The money was returned as requested under the threat. The disturbance caused by appellant's conduct caused Police Officers Peasant and Wade to be called to the scene. When the officers arrived, they found the appellant in an alley behind the house and still in possession of the money he had forcibly taken from the others. The officers took the money from the appellant and returned it to the parties from whom it had been taken. Because of this conduct, the Gary Police Civil Service Commission suspended the appellant for 90 days for engaging in conduct unbecoming a police officer and 90 days for engaging in immoral conduct. They further ordered that the suspensions were to be served consecutively, making a total of 180 days' suspension.

The Lake Superior Court, Room 3, upon judicial review, found that the appellant take nothing by his action for review, thus sustaining the finding of the Commission.

Appellant now claims that he was denied due process and equal protection under the law in that the Commission refused to permit him an opportunity to effectively cross-examine witnesses at the administrative hearing. He specifically calls attention to an attempted cross-examination of Sullivan White, who was the owner of the gambling house where the incident occurred. On direct examination White had openly testified that he did own the gambling house, and that on the night in question it was being operated by Roger Touhy; that he had observed the appellant's conduct above described from a trap door in the floor of his bedroom, which was immediately over the gambling room. On cross-examination appellant attempted to determine how many times Mr. White had been arrested for operating a gambling house. The Commission advised the witness that he did not have to answer the question. Appellant argues that the refusal to force the witness to answer the question denied him of his right of cross-examination for the purposes of discrediting the witness. It is difficult to conceive what could have been learned from further pursuit of the subject matter. The witness had, on direct examination (as had other evidence in the case), clearly established that the house in question was a gambling house where illegal liquor was sold, that it was so operated on the night in question, and that appellant had participated in such activities. These facts being established, there was little else to be gained from belaboring the witness on that subject. It was within the sound discretion of the Commission to limit the scope of cross-examination. *Mackey* v. *State* (1942), 220 Ind. 607, 45 N. E. 2d 205.

We hold the Commission did not err in limiting the cross-examination at that point nor did the trial court err in sustaining the Commission's position in that regard.

The appellant next claims there was no substantial evidence presented to support the findings of fact, conclusions of law and judgment of the trial court. The record in this case contains abundant evidence to support the facts as above

recited. It would appear to be an understatement to say that these facts support a 180 day suspension. This Court will not weigh the facts. *Marshall* v. *Tribune-Star Publishing Co.* (1969), 251 Ind. 557, 243 N. E. 2d 761, 16 Ind. Dec. 378.

We hold that the findings of fact, conclusions of law and judgment of the trial court are amply sustained by this record.

Appellant next claims that "invidious discrimination was involved." He attempts to support this allegation by citing several instances of alleged misconduct of other members of the police force and a failure of the Commission to properly punish police officers for such violations. In support of his contention appellant cites *Whitus* v. *State of Georgia* (1967), 385 U.S. 545, 87 S. Ct. 643, 17 L. Ed. 2d 599; *Yick Wo* v. *Hopkins* (1886), 118 U.S. 356, 6 S. Ct. 1064, 30 L. Ed. 220; *Dixon* v. *State* (1946), 224 Ind. 327, 67 N. E. 2d 138.

In each of the above cases the question before the Court was unreasonable classification based upon race. However, the appellant makes no such claims in the case at bar. He states merely that he should not have been disciplined by the Commission because the Commission has failed to discipline others for misconduct. For this Court to adopt the reasoning of appellant in this case would be to make it impossible for a Commission who had operated inefficiently in the past to clean up its operation or increase its efficiency. We do not know, nor are we speculating, that the Gary Police Civil Service Commission neglected its duty in any particular case, but we do hold that if such be the case, this is certainly no bar to prosecuting a disciplinary action against the appellant for his misconduct. We see nothing in the facts in the case at bar which even remotely suggest that appellant was unduly discriminated against because of race or any other identifiable social or economic position.

Appellant next claims the trial court abused its discretion in failing to apply Trial Rule 16 which provides, among other

things, an order of court for exchange of names of witnesses to be called during the trial and the general nature of their expected testimony. Appellant claims this rule was violated when the City called Chief Charles Boone and Captain Frank Kurmis. Neither of these witnesses had testified before the Commission, but did testify before the trial court. Appellant claims he had been given no prior information that these men would be called as witnesses. In the first place, there was ample evidence to support the findings of the Commission at the Commission hearing. In the second place, the record reveals that both Chief Boone and Captain Kurmis were first called as witnesses by the appellant. It would appear the only objection appellant really has to the testimony of these two witnesses was their testimony that the appellant had made certain admissions to them concerning his conduct in question. In this regard they testified on direct examination by the appellant that they were acquainted with the alleged infractions on the night in question and did answer questions concerning the charges. It would be most unrealistic to believe that the City could not pursue this matter in greater detail, which, in fact, was done. We see no violation of the rule as maintained by appellant. In fact, we see no application of the rule in this case. We hold the trial court did not err in permitting both Chief Boone and Captain Kurmis to testify in this case.

We find no reversible error in this case.

The trial court is, therefore, affirmed.

Arterburn, C.J., Hunter and Prentice, JJ., concur; De-Bruler, J., concurs in result.

NOTE.—Reported in 296 N. E. 2d 429.