Herbert W. GLASS, Appellant (Defendant Below),

v.

LELAND SMITH INSURANCE AGEN-CY, INC., Appellee (Plaintiff Below).

No. 3–779A203.

Court of Appeals of Indiana, Third District.

Jan. 22, 1981.

Rehearing Denied March 4, 1981.

Ralph R. Blume, Blume, Wyneken & Bull-man, Fort Wayne, for appellant.

Stephen W. Adair, Adair, Perry, Beers, Mallers & Larmore, Fort Wayne, for appel-lee.

HOFFMAN, Presiding Judge.

This is an appeal from the judgment of the trial court in favor of Leland Smith Insurance Agency, Inc. (Smith) for the sum of $3,024.93 and against Herbert Glass on his counter-claim against Smith. Glass raises the following four issues for review:

(1) whether Smith complied with the court's order to deliver its records to the commissioner and whether the

records actually delivered are sufficient to render an accounting;

(2) whether the evidence is sufficient to sustain the judgment;

(3) whether the trial court erred in failing to give Glass an opportunity to present evidence regarding the issues raised in his counter-claim; and

(4) whether the trial court and the commissioner erred in failing to consider material evidence presented by Glass.

The facts of the case are not in dispute. On August 23, 1967 Smith filed a complaint against one of its brokers, Herbert Glass, alleging that Glass owed Smith $3,100. This was the amount Smith alleged it had remitted to various insurance companies for policies written by Glass and which Glass had not paid to Smith. Glass filed an answer denying all allegations and later filed a counter-claim against Smith. The counter-claim alleged that Smith had received gross insurance premiums and other monies on policies written by Glass, but had failed to pay Glass commissions. Glass alleged the amount owed by Smith to be approximately $15,000.

The trial court appointed Robert E. Christen, a Certified Public Accountant, to take and state an account of all commissions, premiums and other matters relating to the account existing between Smith and Glass. Both Smith and Glass were ordered to produce before the accountant all books, papers and writings relating to the account which were under their custody or control. By stipulation of the parties, and order of the court, the report of the commissioner was to be deemed conclusive unless clearly erroneous.

Most of Smith's records for the time period in question had been inadvertently lost or destroyed. The commissioner, however, was able to use the records produced by Glass and Smith to test the accuracy of Smith's ledger for the period between January 1, 1963 and September 1963. The commissioner issued a report based on the information available to him in which he determined that Glass owed Smith $3,024.93. The trial court then ordered Glass to produce all original cash receipts and commission reports in his possession. The commissioner issued a supplemental report in which he found that Glass owed Smith $3,668.22.

Glass filed his objections to the commissioner's report. The hearing on the objections was continued many times and was not completed until four and a half years after the objections were filed. After completion of the hearing, the trial court overruled Glass' objections and entered its findings and conclusions along with a judgment in favor of Smith.

■ The first issue raised by Glass concerns Smith's compliance with the court's order to produce its records. The evidence is uncontradicted that many of the records were inadvertently lost or destroyed. Also uncontradicted is the evidence that Smith cooperated with the commissioner and produced all relevant records within its control. It is clear that Smith complied with the court's order.

Also, at issue here is whether the records produced were sufficient for the commissioner to render an accounting. In his initial report the commissioner listed the books and records made available to him. The commissioner used records furnished by Glass to test the accuracy of Smith's records. The commissioner, in this report, stated:

> "Based on the records that were made available to us and the tests that we were able to make of the transactions of the Leland Smith Agency, as applied to Herbert Glass, it is our opinion that the books and records of the Company were maintained in a normal manner for an insurance company, and that the entries were made with a reasonable amount of accuracy."

*Record*, at 49.

After determining that Smith's books were accurate, the commissioner determined that the balances contained in the books were proper.

On this evidence it cannot be said that the trial court's finding that the loss of the

records "did not materially inhibit the Commissioner from determining with reasonable accuracy, under generally accepted principles of accounting, the overall debits and credits to the account of Glass," is clearly erroneous. Therefore, the finding and judgment cannot be set aside on this ground. Ind.Rules of Procedure, Trial Rule 52(A).

Glass argues next that the evidence is insufficient to support the commissioner's report and therefore the trial court's judgment. When reviewing the sufficiency of the evidence this Court will not reweigh conflicting evidence, nor judge the credibility of the witnesses but will look only to the evidence most favorable to the prevailing party together with all reasonable inferences to be drawn therefrom. If the appellate court finds evidence of probative value to sustain the judgment of the trial court, that judgment will not be disturbed. *Ray v. Goldsmith* (1980), Ind.App., 400 N.E.2d 176.

Although Glass points out many instances in which the commissioner testified that the records given him were incomplete, he fails to notice the commissioner's testimony that his report was based upon tests of the records made in accordance with generally accepted accounting principles. These tests were described in great detail both in the commissioner's report and testimony. The commissioner also testified that he was satisfied that the conclusions arrived at in his report are accurate despite the objections of Glass. This evidence is sufficient to sustain the trial court's judgment.

Glass contends that the trial court erred in entering a judgment before he was given an opportunity to present evidence regarding his counter-claim. In particular, Glass alleges that the expected testimony of Robert Sauer, C.P.A., and Ray Pease, P.A., was most vital and that the court did not grant him an opportunity to present these witnesses. This argument has no merit.

The parties stipulated that the report of the commissioner would be deemed conclusive unless clearly erroneous. Glass filed his objections to the commissioner's report.

The trial court's hearing on the objections spanned a period of over four years. Glass was permitted to call witnesses and present evidence that the report was clearly erroneous. Ray Pease was called and testified to his findings based on the records available to him. Robert Sauer was also called as a witness, however, at that time the hearing was continued. There is nothing in the record to indicate that Glass ever attempted to recall Sauer to the witness stand. Glass cannot now claim as error his own failure to call witnesses, or to present additional evidence when he had the opportunity to do so. After hearing evidence on Glass' objection, and finding that the report was not clearly erroneous, the trial court properly entered judgment in accordance with the parties' stipulation.

Finally, Glass alleges as reversible error the failure of the commissioner and the trial court to consider evidence of payments made by Glass, and others, to Smith. The commissioner testified that he considered the evidence of these payments irrelevant in that he had no knowledge of what they represented, and had no way to prove that they were not payment to Smith for a purpose other than insurance premiums.

Glass' argument is again an effort to have this Court reweigh the evidence and determine that the commissioner's report was clearly erroneous. It was for the commissioner to determine what weight, if any, should be given to Glass' evidence. Since the commissioner chose a method of testing the records in which this evidence is irrelevant, and that method was in accordance with generally accepted accounting principles, it cannot be said that the exclusion of this evidence was error.

For the above reasons the judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.