Herbert W. GLASS, Appellant
(Plaintiff Below)

v.

CONTINENTAL ASSURANCE CO. and
Leland Smith Insurance Agency, Inc.,
Appellees (Defendants Below).

No. 3–779A207.

Court of Appeals of Indiana,
Third District.

Jan. 27, 1981.
Rehearing Denied March 4, 1981.

Ralph R. Blume, Blume, Wyneken & Bullman, Fort Wayne, for appellant.

Stephen W. Adair, Adair, Perry, Beers, Mallers & Larmore, Fort Wayne, for appellee Leland Smith Insurance Agency, Inc.

HOFFMAN, Presiding Judge.

This is an appeal from a judgment in favor of Continental Assurance Company. The trial court found that the issues had been decided in a prior lawsuit and were therefore res judicata. Glass raises the following issues:

(1) whether the judgment is contrary to law in that res judicata is not a theory of action presented by the pleadings;

(2) whether the trial court's findings and conclusions are nullities due to their failure to conform to the pleadings;

(3) whether the trial court erred in taking judicial notice of its own findings and conclusions in a prior lawsuit;

(4) whether the trial court erred in its application of the doctrine of res judicata; and

(5) whether the evidence is sufficient to sustain the judgment.

On May 6, 1965 Glass filed a complaint against Continental Assurance Company alleging that it had breached its contract with him by failing to pay commissions earned on insurance sold by Glass and would continue to breach the contract in the future. Pursuant to the agreement, Continental was to pay any commissions due Glass which had not been paid by its general agent, Leland Smith Insurance Agency, Inc. (Smith). Continental filed an answer asking that Leland Smith d/b/a Leland Smith Insurance Agency be made a party defendant. This request was granted by the trial court. Continental later filed an amended answer in which it brought Leland Smith Insurance Agency into the lawsuit by way of interpleader. On September 26, 1969 Glass filed an amended complaint to which Continental filed an amended answer without mention of Leland Smith Insurance Agency.

On February 7, 1979 the trial court entered a Memorandum of Decision and Judgment. The court ordered Glass to receive $4,173.65 plus interest from Smith, but nothing from Continental. Continental was ordered to pay an amount of money it was holding in escrow to Smith as reimbursement for the amount paid to Glass. In reaching this decision the trial court took judicial notice of its own findings, conclusions and judgment in a prior lawsuit between Glass and Smith. Finding the issues raised by Glass in the present case already disposed of in the prior case, the trial court ruled its prior decision was res judicata.

■ At the time Glass filed his motion to correct errors, Ind. Rules of Procedure, Trial Rule 59(G) provided:

"Motion to correct error a condition to appeal. In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. *Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court.* A motion to correct errors shall not be required in the case of appeals from interlocutory orders, orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution." (Emphasis added.)

Errors raised for the first time on appeal are waived. *Winkler, Admx. v. Royal Ins. Co. et al.* (1975), 167 Ind.App. 16, 337 N.E.2d 499.

■ A careful examination of Glass' motion to correct errors along with the memorandum and argument reveals that Glass failed to raise the first three issues prior to this appeal. Glass cannot raise alleged errors on appeal without first giving the trial court an opportunity to correct these errors. Glass has therefore waived the first three issues.

In his brief, Glass contends that these alleged errors are fundamental errors and are not waived by failure to include them in his motion to correct errors. Initially it should be noted that fundamental errors are constitutional in nature. 4A Bagni, Giddings, & Stroud, Indiana Practice § 284, at 331 (1979). No error of this magnitude is apparent in this case. Additionally, Glass cites *Public Service Co. v. Decatur Cty. Rural Elec.* (1977), Ind.App., 363 N.E.2d 995 as support for his position. Glass however has apparently misread that case. *Public Service Company* did not deal with fundamental errors. In fact, issues raised by REMC in that case were deemed waived due to its failure to include them in a motion to correct errors. Since Glass merely makes a bald assertion of error without presentation of cogent argument or citation to applicable authority, his contention need not be reviewed by this Court. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

Glass has however preserved the issue regarding the proper application of the doctrine of res judicata. The assertion here is that because the parties and issues in the present case differ from the prior case, the doctrine is inapplicable.

■ The basic elements of the doctrine of res judicata are: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the matter now in issue was, or might have been, determined in the former suit; 3) the particular controversy adjudicated in the former action must have been between parties to the present suit or their privies; and 4) the judgment in the former suit must have been rendered on the merits. *Peterson v. Culver Educational Foundation* (1980), Ind. App., 402 N.E.2d 448. This doctrine acts not only as a bar to identical lawsuits, but also to relitigation of issues which were necessarily decided in a prior litigation between the same parties or their privies. *Id.* at 460.

Glass argues in his brief that the doctrine of res judicata is not applicable because the former litigation was between Glass and Leland Smith Insurance Agency, Inc. and the present suit was brought by Glass against Continental Assurance Co. Apparently, Glass contends that there is no mutuality or privity between the parties of the two lawsuits. In *Mayhew, Huston v. Deister et al.* (1969), 144 Ind.App. 111, at 122, 244 N.E.2d 448, at 454, the Court stated:

"The courts of most jurisdictions have recognized a broad exception to the requirements of mutuality and privity, namely, that they are not necessary where the liability of the defendant asserting the plea of res judicata is dependent on or derived from the liability of one who was exonerated in an earlier suit by the same plaintiff on the same facts."

This exception is applicable in this case.

■ Both Glass' complaint and the provisions of the contract in question indicate that Continental would be liable for commissions due Glass only if Smith failed to pay these commissions. The trial court in the prior case determined that Smith was not liable to Glass for commissions, but rather, Glass was indebted to Smith for premiums it had remitted to various insurance companies for which Glass had not reimbursed Smith. Thus, Glass' suit against Continental falls with the exception.

Glass also alleges that the issues in the two cases differ. The former suit according to Glass was for commissions due him for the sale of fire and casualty insurance during the period between June 1959 and December 1963. The present suit against Continental Assurance Co. is to collect commissions for the sale of life insurance which continued to be due after 1963.

The trial court in the prior suit appointed an accountant and ordered him to "take and

state an account of all commissions, premiums and other matters relating to the account which has existed by and between the parties herein from the year 1959 to date." In so doing, the accountant determined that for the period between June 1959 and December 1963, Glass owed Smith $3,024.93. The accountant also determined that from December 1963 until June 1970, Smith had withheld from Glass $4,173.65 in commissions earned by him from the sale of life insurance through Continental Assurance Co. In the prior case the trial court ordered Glass to pay Smith the $3,024.93. In the present case the trial court ordered Smith to repay Glass the amount of commissions it had withheld, i. e., $4,173.65. The issues raised in the present suit were therefore decided previously.

■ Glass also contends that the doctrine of res judicata is inapplicable because it operates to deny him recovery for commissions he earned after June 1970, for which he made a claim in his complaint. This argument however has no merit. Glass filed his amended complaint on September 26, 1969. At that time it appears that a breach of contract had occurred. Glass was not entitled to damages which he speculated he would incur by future breaches. Glass' proper remedy was to file separate lawsuits for future breaches as they occurred, or alternatively, wait until all commissions had accrued and file one lawsuit for the total sum of commissions withheld. The court committed no error in awarding damages for breaches that had occurred and in denying damages for breaches which Glass alleged would occur in the future.

Lastly, Glass contends that the evidence is insufficient to sustain the trial court's judgment. However, having determined that the doctrine of res judicata was properly applied, this contention in essence challenges the sufficiency of the evidence in the prior case. That issue was resolved against Glass in a prior appeal. *Glass v. Leland Smith Ins. Agency, Inc.*, Ind.App., 414 N.E.2d 977 (1981).

For the above reasons, the judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.