Mildred E. WILLIAMS, Executrix of the Estate of Paul E. Williams, Deceased Individually and for and on Behalf of W & W, Inc., Appellant (Plaintiff Below),

v.

J. Howard WILLIAMS and W & W, Inc., Appellees (Defendants Below).

No. 1–581A165.

Court of Appeals of Indiana, Fourth District.

March 15, 1982.

William P. Wooden, Dawn Sturwold, Wooden, McLaughlin & Sterner, Michael M. Disler, Hillis & Disler, Indianapolis, for appellant.

Richard E. Aikman, Jr., John R. Kirkwood, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellees.

YOUNG, Judge.

## ON PETITION FOR REHEARING

Mildred Williams has petitioned for a rehearing of our decision in *Williams v. Williams*, (1981) Ind.App., 427 N.E.2d 727. For the most part, the petition presents arguments already considered at length in our original decision. These arguments will not be reconsidered. The petition does, however, raise one point that merits discussion.

The Court of Appeals in *In re Estate of Williams*, (1980) Ind.App., 398 N.E.2d 1368, found that the enforcement of the Buy and Sell Agreement did not constitute a claim barred by Ind.Code 29–1–14–1, but rather was a claim controlled by Ind.Code 29–1–14–21. We stated that this was the law of the case. In her petition, Williams contends that the law of the case applies only to subsequent proceedings in the same action and not to different actions. We agree. *See Hinds v. McNair*, (1980) Ind.App., 413 N.E.2d 586. *Estate of Williams* was a dif-

ferent proceeding and thus the decision of the Court of Appeals was not the law of the case. It was, however, res judicata. *See Glass v. Continental Assurance Co.*, (1981) Ind.App., 415 N.E.2d 126. We should have used the term res judicata instead of the term law of the case. The result is the same in either event. The Court of Appeals decision in *Estate of Williams* is binding on this matter. Thus, this change does not affect the remainder of the opinion in any manner.

The petition for rehearing is granted for the sole purpose of correcting our reference to the decision of the Court of Appeals in *Estate of Williams* as the law of the case. In all other respects the petition is denied.

MILLER, P. J., and SULLIVAN, J. (sitting by designation), concur.