**George J. HARDESTY, Appellant (Plaintiff Below),**

v.

**Sheriff Dean BOLERJACK et al., Appellees (Defendants Below).**

**No. 3–781A196.**

Court of Appeals of Indiana, Third District.

Oct. 27, 1982.
Rehearing Denied Dec. 10, 1982.

Fred R. Jones, Goodrich, Jones & Huff, Plymouth, for appellant.

Charles A. Sweeney, Jr., David C. Chapleau, Sweeney, Butler & Simeri, South Bend, for appellees.

HOFFMAN, Presiding Judge.

On August 6, 1979, George Hardesty filed a complaint pro se in the St. Joseph Superior Court seeking damages for tortious selective enforcement of the rules and regulations of the St. Joseph County Police Department. The trial court determined, however, that substantially the same issues had been adjudicated in a prior case. Summary judgment was accordingly entered against Hardesty on the basis of res judicata. Hardesty now appeals.

■ The record discloses that on June 1, 1977, appellant was suspended from his position with the St. Joseph County Police Department pending investigation of alleged misconduct. At the conclusion of several hearings, the St. Joseph County Sheriff's Merit Board directed Sheriff Dean Bolerjack to discharge appellant from his duties permanently. On August 12, 1977, appellant by counsel then filed a "Complaint for Review of Merit Board Decision and for Determination of Constitutionality" in the St. Joseph Circuit Court. That complaint asserted in part as follows: [1]

"12. That the purported decision of the St. Joseph County Sheriff's Merit Board dated August 4, 1977, is illegal, unconstitutional, improper and in error, and the following are some of the reasons for the said impropriety, illegality, unconstitutionality and erroneousness:

A. Improper legal procedures in multiple instances as follows:

(1) Refusal to admit certain evidence by the Plaintiff and duly offered into evidence with regard to the questions of selected enforcement of the rules and regulations of the St. Joseph Coun-

ty Police Department, which was offered and tendered with the intent and hope of being able to show that the Plaintiff was being singled out by the Sheriff for disciplinary sanctions as compared to other officers on the St. Joseph County Police Department who had been guilty of more serious offenses and violations of the rules and regulations. In each instance when such evidence was offered by the Plaintiff and the objection thereto sustained by the Board, counsel for the Plaintiff made an offer to prove before the Board."

The above cause was subsequently transferred to the St. Joseph Superior Court to be heard by the Honorable Robert L. Miller, Jr. On December 18, 1980, Judge Miller entered judgment affirming the determination of the St. Joseph County Sheriff's Merit Board. In a memorandum supporting that judgment, Judge Miller made the following specific finding:

"6. *Selective Enforcement.*

Hardesty next claims that he was denied equal protection under the law in that he was the victim of selective enforcement by Bolerjack. The crux of Hardesty's complaint is that other officers were committing the same offenses, and that he was being singled out.

A similar claim was rejected by the Indiana Supreme Court in *King v. City of Gary,* 260 Ind. 459, 296 N.E.2d 429 (1973). There, too, the plaintiff claimed that he was the victim of invidious discrimination, because there were other alleged instances of misconduct on the part of members of a police force, and the commission there involved failed to punish such officers as they were punishing the plaintiff. In *King,* the court rejected such a claim, and it must be so rejected in the instant case as well.

1. It should be noted that in rendering summary judgment in the instant cause the trial court took judicial notice of the record of this prior case. As such, consideration of this pleading is proper in the present appeal. The complaint as filed by appellant in the initial cause appears in the record of St. Joseph Superior Court, Case No. H–6903. That case, *i.e., Hardesty v. Sheriff Bolerjack et al.,* Ind.App., 440 N.E.2d 490, was the subject of a separate appeal.

The *King* court refused to consider a claim of invidious discrimination or selective enforcement unless the alleged classification was based upon 'race or any other identifiable social or economic position'. 296 N.E.2d at 431.

No allegation is here made that the alleged discrimination against Hardesty was based upon race or upon any other classification which serves to single out discrete and insular minorities; rather, the decision to bring this disciplinary action against Hardesty was one within the discretion of the sheriff. That other police officers may have committed similar or dissimilar offenses serves as no bar to the validity of the actions of the sheriff and The Board."

*Record* at 144.

While awaiting the above judgment, appellant filed pro se the complaint for damages noted above. That complaint charged in pertinent part as follows:

"5. That the Defendant Dean Bolerjack in his relationship to the Plaintiff committed the following torts against him: (a) the continued use of unduly oppressive conduct; (b) tortiously selective enforcement of the rules and regulations of the St. Joseph County Sheriff's Department; and (c) violation of his state and federal constitutional and civil rights."

*Record* at 80.

Following Judge Miller's decision in the initial cause, the defendants in the case at bar moved for summary judgment. The trial court thereafter granted this motion and made the following entry into the record:

"And now the Court having examined the record in Cause Number H–6903, finds that substantially the same issues presented in this cause were also presented and ruled upon in that cause and that the ultimate decision and judgment in that case constitutes res adjudicata in the present case.

"And now the Court, herefore [sic], finds there is now [sic] genuine issue as to any material fact in this case and that the defendants are entitled to judgment as a matter of law."

*Record* at 152.

■ It is well established that:

"The basic elements of the doctrine of res judicata are: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the matter now in issue was, or might have been, determined in the former suit; 3) the particular controversy adjudicated in the former action must have been between parties to the present suit or their privies; and 4) the judgment in the former suit must have been rendered on the merits." (Citation omitted.)

*Glass v. Continental Assur. Co.* (1981), Ind.App., 415 N.E.2d 126, at 128.

The doctrine of res judicata, however, is divided into two parts. *State, Ind. State Highway Com'n v. Speidel* (1979), Ind.App., 392 N.E.2d 1172. The first is "claim preclusion" in which a prior adjudication of the same cause of action acts as a complete bar to any subsequent claim. *Town of Flora v. Indiana Service Corp.* (1944), 222 Ind. 253, 53 N.E.2d 161. The second part can best be described as "issue preclusion" and which is applied when a particular issue is adjudicated and then is put into issue in a subsequent suit on a different cause of action. *In re Estate of Nye v. First Natl. Bank et al.* (1973), 157 Ind.App. 236, 299 N.E.2d 854. In appellant's original cause he sought only to be reinstated in his position with the St. Joseph County Police Department. His instant claim for damages would require proof of injury beyond that required in the original cause. It is therefore the issue preclusion branch of res judicata with which this appeal is concerned. *State, Ind. State Highway Com'n v. Speidel, supra.*

■ Issue preclusion requires both identity of parties and mutuality of estoppel. *Rees v. Heyser* (1980), Ind.App., 404 N.E.2d 1183. In addition, issue preclusion operates only if the very fact or point in issue was determined in the prior litigation. *Brubaker v. King* (7th Cir. 1974) 505 F.2d 534.

■ Appellant now contends that the trial court's grant of summary judgment was improper since there was insufficient identi-

ty of issues between cases.[2] It is unmistakably clear, however, that the issue of selective enforcement was both pleaded and adjudicated in the original claim. The court did not abuse its discretion in entering a specific finding on the issue since it was so pleaded. As the trial court's grant of summary judgment comports with the holding in *King v. City of Gary* (1973), 260 Ind. 459, 296 N.E.2d 429, no error was committed therein. The issue is one which might have been litigated between the parties in the original claim and was therefore properly barred. *Peterson v. Culver Educational Foundation* (1980), Ind.App., 402 N.E.2d 448; *Blake v. Blake* (1979), Ind.App., 391 N.E.2d 848.

The judgment of the trial court is accordingly affirmed.

Affirmed.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. Hardesty's claim that he was victimized by Bolerjack's selective enforcement of various sheriff department rules and regulations is not barred by the issue preclusion branch of res judicata. Issue preclusion applies only where an essential issue has been actually litigated in a prior proceeding. *Peterson v. Culver Educational Foundation* (1980), Ind.App., 402 N.E.2d 448, 461; *Illinois Central Gulf R.R. v. Parks* (1979), Ind.App., 390 N.E.2d 1078, 1081. The issue of selective enforcement was neither essential nor actually litigated in the prior Merit Board proceeding and its review.

The Merit Board made no finding regarding selective enforcement. The only factual issues before the Board concerned Hardesty's alleged violation of certain rules and regulations. During his hearing before the Board, Hardesty attempted to admit evidence of selective enforcement in an effort to mitigate any punishment he might receive. The Board excluded all such evidence believing it was immaterial to their task. The Board "found" only that Hardesty had committed the acts alleged by Bolerjack, which constituted a material breach of his employment contract. Accordingly, the Board directed that Hardesty be discharged.

Hardesty's petition for review alleged in pertinent part that the Board erred in excluding the evidence of selective enforcement. To uphold the Board's decision, Judge Miller need only have found that evidence regarding selective enforcement was immaterial to the Board's determination of whether Hardesty had committed the violations alleged by Bolerjack. This is what Judge Miller found in that part of his memorandum labeled "6. Selective Enforcement." That section's last sentence states: "That other police officers may have committed similar or dissimilar offenses serves as no bar to the validity of the actions of the sheriff and The Board." Thus, Judge Miller did not find that there was no selective enforcement, only that any evidence regarding it was immaterial and properly excluded by the Board.

Yet, the Majority believes that Judge Miller's determination that there had been no selective enforcement is valid. Judge Miller could not have validly made such a determination. The Board made no "finding" regarding selective enforcement. Its conclusion was only that Hardesty committed certain acts which warranted his discharge. Any review by Judge Miller was limited to: whether the Board had subject matter jurisdiction; whether the Board followed proper administrative procedure; whether the Board rendered an administrative decision supported by substantial evidence; and whether the decision violated any constitutional, statutory, or legal principle. *Brinson v. Sheriff's Merit Board of Jefferson County* (1979), Ind.App., 395 N.E.2d 267, 270.

---

**2.** In his brief appellant makes extensive argument that mutuality of estoppel was also lacking. However, this issue was not raised in the motion to correct errors and is accordingly waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

A determination by Judge Miller concerning the selective enforcement of department rules by Bolerjack was unnecessary to uphold the Board's decision that Hardesty had committed the acts Bolerjack alleged. *See King v. City of Gary* (1973), 260 Ind. 459, 296 N.E.2d 429, 431 (allegation of selective enforcement no bar to administrative disciplinary proceedings). Therefore, any such determination by Judge Miller would not bar Hardesty's present claim of selective enforcement. The issue of selective enforcement was neither essential nor actually litigated in the Merit Board proceeding or on its review. Consequently, there is no issue preclusion. I would reverse the judgment.