**ADVENTURE RV RENTALS, INC., and Richard H. Dorman, Plaintiffs,**

v.

**AUTO–OWNERS INSURANCE CO., also d/b/a Auto-Owners Mutual Insurance Co., Defendants.**

No. S 82–40.

United States District Court,
N.D. Indiana,
South Bend Division.

April 27, 1983.

Harry Heppenheimer, Donald E. Wertheimer, South Bend, Ind., for plaintiffs.

William J. Ewald, Grand Rapids, Mich., Robert J. Konopa, South Bend, Ind., for defendants.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case involves a complaint for damages arising out of the alleged breach of an insurance contract. Jurisdiction is predicated on diversity of citizenship under 28 U.S.C. § 1332. The matter is presently before this court on defendant's motion for summary judgment.[1]

The plaintiffs in this action are Richard Dorman (hereinafter Dorman) and Adventure RV Rentals, Inc. (hereinafter Adventure). The defendant is Auto-Owners Insurance Co. Dorman is the President and sole shareholder of Adventure. On May 13, 1981, the defendant issued an insurance policy to Adventure, generally covering Adventure's place of business in Elkhart, Indiana. Six weeks later (June 25, 1981), a fire broke out at Adventure's place of business, causing extensive damage. Dorman thereupon promptly filed a claim and statement of loss with the defendant insurer.

An investigation into the causes of the fire was conducted by the Elkhart Fire Department's Arson Unit. The result of that investigation, as well as of others conducted by the Federal Bureau of Investigation, United States Postal Inspectors, the Indiana State Police, and the Elkhart County Prosecuting Attorney's Office, led to Dorman's indictment on charges of conspiracy to commit arson. In October of 1982, Dorman was convicted in a state court jury trial of conspiracy to commit arson to defraud an insurance company. Dorman has appealed that conviction.

In the meantime, February 10, 1982, Dorman and Adventure initiated the present civil suit against the defendant insurer, alleging that the defendant's refusal to pay on the claim constituted a breach of the

---

1. Plaintiff has countered defendant's motion for summary judgment with an argument that the proper course to follow is to dismiss this action without prejudice. Because that argument has been set down for hearing on July 22, 1983, plaintiff's position on that point will not be addressed herein.

insurance contract. On December 23, 1982, the defendant submitted a motion for summary judgment, arguing, *inter alia,* that Dorman's state court conviction on the conspiracy to commit arson charge effectively precludes the continued prosecution of this civil suit by the plaintiffs.[2] The plaintiffs counter by arguing that if any effect is to be given Dorman's state court conviction, the proper course for this court to take would be to dismiss this action without prejudice, pending the outcome of Dorman's state appeal.

The key statute concerning the underlying state court criminal conviction is found at Ind.Code § 34–3–18–1 (Burns Ann.1982):

34–3–18–1. Admission in civil actions—Effect of pendency of appeal.—Evidence of a final judgment, entered after a trial or upon a plea of guilty, adjudging a person guilty of a crime punishable by death or imprisonment in excess of one [1] year, shall be admissible in any civil action to prove any fact essential to sustaining the judgment, and is not excluded from admission as hearsay regardless of whether the declarant is available as a witness. The pendency of an appeal may be shown but does not affect the admissibility of evidence under this section [Acts 1982, P.L. 201, § 1.]

While both sides agree that the above statute is controlling, their interpretations of it differ markedly. Plaintiffs contend that the state court criminal conviction is only admissible as evidence available to the defendant to rebut plaintiff's claim of breach of contract, while defendant argues that this statute precludes the continued prosecution of plaintiffs' civil action here.

Prior to the enactment of Ind.Code § 34–3–18–1 in 1982, Indiana had long adhered to the traditional, common law rule that evidence of a prior criminal conviction is inadmissible in a civil case as evidence of the facts upon which it was based. *Brooks v. State,* 259 Ind. 678, 291 N.E.2d 559

(1973); *Kuhn v. State ex rel Van Natta,* Ind.App., 404 N.E.2d 1360 (1980); *Hambey v. Hill,* 148 Ind.App. 662, 269 N.E.2d 394 (1971); *Gibraltar Industrial Life Ins. Co.,* 116 Ind.App. 290, 63 N.E.2d 299 (1945). With the enactment of Ind.Code § 34–3–18–1, however, Indiana law was brought into accord with the majority rule, as exemplified by Federal Rule of Evidence 803(22). H. Karlson, "1982 Survey of Recent Developments in Indiana Law—Evidence," 16 Indiana Law Review 191, 194 (1983). Federal Rule of Evidence 803(22) provides:

Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment, but not including, when offered by the Government in a criminal prosecution for purposes other than impeachment, judgments against persons other than the accused. The pendency of an appeal may be shown but does not affect admissibility.

The new Indiana statute provides for the admissibility into evidence of a prior criminal conviction in a subsequent and related civil suit. H. Karlson, *supra.* It is true that some jurisdictions have sought to go even further by making a prior criminal conviction determinative of related issues in subsequent civil actions. 4 Weinstein & Berger, Weinstein's Evidence § 803(22)[01] at 803–278 (1981). Thus, "[c]ourts have been particularly prone to apply a conclusive effect when it would bar a criminal from profiting by the act for which he was convicted, as for instance by making a conviction for arson conclusive in a suit by the accused on his fire insurance policy." *Id.,* and cases cited at footnote 41.

While the public policy arguments supporting the above are highly persuasive, research by this court has disclosed no Indi-

---

**2.** Although defendant has raised several other arguments in support of its motion for summary judgment, they are only peripherally related to the central question of whether plaintiff—Dorman's state court conviction bars this civil action. Accordingly, because the pivotal issue is the effect on this suit of the underlying criminal conviction for arson, only defendant's first issue will be addressed herein.

448

ana statute or case law holding that conclusive effect should be given a conviction for arson in a subsequent civil suit. As Professor Karlson's discussion of the statute at 16 Ind.L.Rev. 194–95 seems to indicate, Indiana has moved from the old common law rule to a middle position. It is not for this court to carve out an extension of an Indiana statute so recently put on the books.

Assuming, *arguendo,* that this court did not feel constrained to deny defendant's motion for summary judgment for the reasons set forth above, a second and perhaps graver problem is also lurking in the background of this case. Specifically, that question is whether the Indiana statute quoted above addresses a procedural or a substantive law issue.

■ It is axiomatic that a federal court sitting in diversity must apply the substantive law of the forum state, and the federal procedural law, to the case before it. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Assuming, without deciding, that Ind.Code § 34–3–18–1 involves a substantive legal issue, this court would be bound thereby to apply that statute, and any state case law construing it, to the facts of this case as being determinative of the substantive claims raised.

However, in *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), the Supreme Court approved of the offensive use of the doctrine of collateral estoppel under certain circumstances. In *Crowder v. Lash,* 687 F.2d 996 (7th Cir. 1982), the Court of Appeals for the Seventh Circuit set forth the following analysis of *Parklane Hosiery:*

> In order to determine when a party may appropriately be precluded from relitigating an issue decided adversely to it in an earlier proceeding, a court must examine whether the issue on which collateral estoppel is asserted is identical to that determined in the prior action; whether the controlling facts or legal principles have changed significantly since the prior judgment; and whether any special circumstances exist which would render preclusion inappropriate or unfair. [citations omitted].

687 F.2d at 1010. See also, *Public Service Co. of Indiana v. U.S.E.P.A.,* 682 F.2d 626 (7th Cir.1982).

■ The application of the doctrine of collateral estoppel to the facts of this case would necessarily constitute a *procedural* matter. Thus, were there no countervailing state substantive law question, the offensive use of collateral estoppel herein under the *Parklane Hosiery* analysis would be determinative and would preclude Dorman's continued prosecution of this suit. However, where as here a matter of state substantive law is counterposed against a matter of federal procedural law, the court is confronted with the difficult question of determining how to apply the so-called "outcome-determinative" test of *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) and its progeny. See, *e.g., Abernathy v. Superior Hardwoods, Inc.,* 704 F.2d 963 (7th Cir.1983).

■ Dorman was both defendant in the underlying state criminal case and plaintiff in this civil action. The crucial issue, viz., whether Dorman committed or conspired to commit arson, is the same in both cases. Further, Dorman obviously had a "full and fair" opportunity to litigate the matter in state court. Finally, the burden of proof in the state court criminal conviction was considerably higher than that presented in this civil case. Thus, the application of collateral estoppel herein would appear at first blush to be appropriate.

However, the pendency of Dorman's appeal on that state court criminal conviction is critical, and merits inclusion as a "special circumstance[ ] ... which ... render[s] preclusion inappropriate [and] unfair." 687 F.2d at 1010. For this court to grant defendant's motion for summary judgment based on the state criminal conviction, only to have the state appellate court later reverse that conviction, would render this court's decision a nullity because based on a void state court conviction.

*Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) requires federal courts to give full faith and credit to decisions of state tribunals. Thus, the doctrines of res judicata and collateral estoppel are clearly available in the federal forum where matters before the federal court were previously litigated in state court. *Id.* Nonetheless, for the reasons stated above, this court declines to hold *Allen v. McCurry* as controlling in this case at this stage of the proceedings.

Accordingly, defendant's motion for summary judgment is DENIED. All remaining issues, including plaintiff's contention that this matter should be dismissed without prejudice pending the outcome of his state appeal, will be addressed at the hearing now set for July 22, 1983. SO ORDERED.