**George ALSUP, Katheryn Alsup, Plaintiffs,**

v.

**Thomas N. SPRATT, Defendant.**

**Coetta MORRIS, Plaintiff,**

v.

**Thomas N. SPRATT, Defendant.**

**Nos. S 81–276, S 81–260.**

United States District Court, N.D. Indiana, South Bend Division.

Dec. 16, 1983.

Albert C. Hand, Highland, Ind., for plaintiffs.

William F. McNagny, Fort Wayne, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is presently before the court on motions for partial summary judgment of the plaintiffs, George Alsup, Katheryn Alsup and Coetta Morris. Jurisdiction is predicated upon 28 U.S.C. § 1332; therefore, the substantive law of Indiana is to be applied. The plaintiffs allege that the doctrine of res judicata applies and that they are entitled to judgments on issues that have been decided in the Marshall Circuit Court. Defendant argues that a lack of identity of parties and mutuality of estoppel bars the use of collateral estoppel under the Indiana law. For the reasons stated below, this court denies the motion for partial summary judgment of plaintiffs, Katheryn Alsup and Coetta Morris; plaintiff, George Alsup's motion for partial summary judgment within this matter as to liability is granted.

### I.

On November 16, 1982, a judgment was entered in favor of George Alsup and against Thomas N. Spratt in a case tried in the Marshall Circuit Court under Cause No. CTC 81–60. That case involved a collision between automobiles driven by Alsup and Spratt. The complaint in this action was filed August 11, 1981, by plaintiffs, George and Katheryn Alsup and Coetta Morris. Katheryn Alsup and Coetta Morris, passengers in the automobile driven by George Alsup, have brought this action for injuries they incurred in the accident. In addition, the complaint also contains a claim for damages by George Alsup for loss of services of his wife, Katheryn Alsup.

Based on the judgment in favor of George Alsup in the Marshall Circuit Court action, Katheryn Alsup and Morris filed for partial summary judgment in their own actions on November 13, 1983. A brief memorandum was filed in support of such motion citing *Glass v. Continental Assurance Company*, Ind.App., 415 N.E.2d 126 (1981) and *Williams v. Williams*, Ind.App., 432 N.E.2d 417 (1982). In response, defendant Thomas N. Spratt filed a brief on December 1, 1982. A pretrial conference was held on April 22, 1983 at which time the parties were directed by the court to file supplemental briefs on the res judicata issues by October 3, 1983. In compliance with this court's directive, defendant filed a further response to the motion for summary judgment on October 20, 1983. Plaintiffs, Katheryn Alsup and Morris filed their response on the use of collateral estoppel on October 27, 1983, the same day on which plaintiff George Alsup filed his motion for partial summary judgment.

### II.

#### A.

Since two distinct motions for summary judgment are before the court, each will be

dealt with individually. The first motion to be considered is that of plaintiffs, Katheryn Alsup and Coetta Morris. The sole legal theory relied upon by the plaintiffs in their motion for partial summary judgment is the doctrine of collateral estoppel. In particular, plaintiffs are attempting to use the doctrine of collateral estoppel offensively. The offensive use of collateral estoppel has been described as follows:

> [T]he phrase "offensive use" or "affirmative use" of the doctrine means that a stranger to the judgment, ordinarily the plaintiff in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an essential element of his cause of action or claim.

Annot., 31 A.L.R.3d 1044, 1048–49 (1970). The issue that arises is whether the offensive use of collateral estoppel is to be permitted in this case.

■ The doctrine of collateral estoppel is firmly established under Indiana law as well as the law of all other states. Under the traditional view, the doctrine finds application when a particular issue is adjudicated and then is put into issue in a subsequent suit on a different cause of action between the same parties or those in privity with them. When this happens, the former adjudication of the issue is held to bind the parties or their privies in the subsequent suit. Thus, under the traditional view, the doctrine would have no application in the cases here since the plaintiffs herein were not parties in the Marshall Circuit Court action or in privity with George Alsup in that action.

■ The doctrine of collateral estoppel could not be relied upon by the plaintiffs for another reason. Under the traditional view, mutuality of estoppel is a prerequisite of the availability of the doctrine. Annot., 31 A.L.R.3d 1044 (1970). Estoppel is mutual if the one taking advantage of the prior adjudication would have been subsequently bound had the prior judgment gone the other way. *State, Indiana State Highway Commission v. Speidel*, Ind.App., 392 N.E.2d 1172, 1177 (1979). The plaintiffs here would not have been bound by a determination in the prior action that Thomas N. Spratt was not negligent.

The traditional limitations on the application of the doctrine of collateral estoppel are not being followed in many modern cases. The modern trend discards mutuality in certain cases and restricts the identity of party's requirement to the person against whom the collateral estoppel is being invoked. *See*, Annot., 31 A.L.R.3d 1044, 1052 (1970). Under this modern trend, it would be permissible for a person who was not a party to an original judgment to rely upon that judgment in conclusively establishing in his favor an issue which he must prove in his subsequent lawsuit against a party in that original judgment. As indicated above, this constitutes the "offensive use" of collateral estoppel.

In *Parklane Hosiery Company v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), the Supreme Court of the United States approved of the offensive use of the doctrine of collateral estoppel. This modern trend was also recognized in the recent case of *Crowder v. Lash*, 687 F.2d 996 (7th Cir.1982) and by this court in *Adventure RV Rentals, Inc. v. Auto-Owners Insurance Company*, 562 F.Supp. 445 (N.D.Ind.1983).

■ Despite the modern trend, the Indiana courts have been unwilling to abandon their traditional requirements for the application of the doctrine of collateral estoppel. In *Dayton v. Fisher*, 34 Ind. 356, 358 (1870), the Supreme Court of Indiana set forth the rule that there must be identity of parties and mutuality of estoppel before the doctrine could apply. This rule was affirmed by the Supreme Court of Indiana in *Tobin v. McClellan*, 225 Ind. 335, 73 N.E.2d 679 (1947). Because of the identity of parties and mutuality requirements, the offensive use of collateral estoppel is not permitted in Indiana. *See, State, Indiana State Highway Commission v. Speidel*, Ind.App., 392 N.E.2d 1172, 1179 (1979).

■ Challenges have been made to the Supreme Court of Indiana's rule requiring identity of parties and mutuality of estoppel. In the *Speidel* case cited above, the court discussed extensively the modern trend which discards mutuality in certain cases and restricts the identity of party's requirement to the person against whom the collateral estoppel is being invoked. 392 N.E.2d at 1178–79. The Court of Appeals of Indiana, however, refused to alter the long-standing Supreme Court requirements. In *Burtrum v. Wheeler*, Ind.App., 440 N.E.2d 1147 (1982), the Court of Appeals of Indiana made clear that any abandonment of the identity of parties requirement for the application of the doctrine of collateral estoppel must come from the Supreme Court of Indiana. 440 N.E.2d at 1153. Therefore, under the Indiana law, the plaintiffs would not be entitled to rely on the doctrine of collateral estoppel.

Plaintiffs cite *Glass v. Continental Assurance Company*, Ind.App., 415 N.E.2d 126 (1981) and *Williams v. Williams*, Ind. App., 432 N.E.2d 417 (1982) to support the contention that they are entitled to the use of collateral estoppel under Indiana law. However, their reliance upon these cases is misplaced. Both *Glass* and *Williams* involve the use of an exception to the established law of res judicata in Indiana. This exception was first articulated in *Mayhew and Huston v. Deister et al.*, 144 Ind.App. 111, 244 N.E.2d 448 (1969), an opinion authored by this judge. There the court stated the requirements of mutuality and privity are not necessary where the liability of the defendant asserting the plea of res judicata is dependent on or derived from liability of one who was exonerated in an earlier suit by the same plaintiffs on the same facts. 144 Ind.App. at 122, 244 N.E.2d at 454. Further, the court cited examples of such derivative liability, i.e., master and servant, principal and agent, and indemnitor and indemnitee. *Id.*

The facts of this action distinguish it from the exception recognized by the *Mayhew* court. First, the defendant is not the party invoking the use of res judicata; rather, it is the plaintiffs who are espousing the doctrine of collateral estoppel, one of the two doctrines comprising the rule of res judicata.[1] Second, no master-servant, principal-agent or indemnitor-indemnitee relationships exist between the parties in this case nor do any of the plaintiffs qualify as a privy.[2] Therefore, the exception to the requirement of mutuality and privity is not applicable to these respective plaintiffs.

B.

■ The federal courts have approved of the offensive use of collateral estoppel under certain circumstances. In contrast, it is clear that under Indiana law the offensive use of collateral estoppel is not permitted. Thus, the determinative question is whether federal or state law controls the issue of whether the offensive use of collateral estoppel is permissible.

The issue of whether federal or state law is to control in determining whether collateral estoppel is to be applied has arisen in numerous cases. A case analogous to this

---

1. Res judicata actually comprises two doctrines concerning the preclusive effect of a prior adjudication, claim preclusion and issue preclusion. Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded the same parties on the same claim or cause of action. Issue preclusion arises where the claims are not the same, but some fact or question has been determined in the former suit and is again put in issue in a subsequent suit between the same parties or their privies. In such cases, the former adjudication of that fact, if properly presented and relied upon, will be conclusive on the parties. C.A. WRIGHT, LAW OF FEDERAL COURTS 680–82 (4th ed. 1983).

2. A privy has been defined in various ways. Privies have been described as persons who are not parties to an action but who are connected with it and are affected by the judgment with reference to interests involved in the action as if they were parties. *In Re Estate of Nye*, 157 Ind.App. 236, 262, 299 N.E.2d 854, 869–70 (1973). A privy has also been defined as one who, after the commencement of the action, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase. *Tobin v. McClellan*, 225 Ind. 335, 344, 73 N.E.2d 679, 683 (1947). Plaintiffs in this case do not fit any of the above definitions.

one is *Kuehn v. Garcia*, 608 F.2d 1143 (8th Cir.1979), *cert. denied*, 445 U.S. 943, 100 S.Ct. 1340, 63 L.Ed.2d 777 (1980). In *Kuehn*, the trial court granted summary judgment for the plaintiff on the basis of collateral estoppel. In North Dakota, the law still requires mutuality and privity for the use of collateral estoppel. The Eighth Circuit stated that since the plaintiff was not a party to the prior proceeding nor was she in privity with any of the parties in the prior action, she could not benefit from the application of collateral estoppel. *Id.* at 1146. The court went on to reiterate the rule on the use of collateral estoppel in the federal courts.

> The District Court in a diversity action must apply substantive state law as formulated by the forum state. (citations omitted) Both collateral estoppel and res judicata are issues of substantive law requiring the application of the state common law. (citations omitted) *Id.* at 1147.

Other United States Courts of Appeals have reached the same opinion. *See Isaac v. Schwartz*, 706 F.2d 15, 16 (1st Cir.1983); *Miofsky v. Superior Court of State of California*, 703 F.2d 332, 336 (9th Cir. 1983); *Reimer v. Smith*, 663 F.2d 1316 (5th Cir.1981).

There is some support for the proposition that federal law should control in determining whether a prior state court judgment should have collateral estoppel effect in a diversity action. *See Allen v. Zurich Insurance Company*, 667 F.2d 1162, 1164 n. 4 (4th Cir.1982); *Edwards v. Aetna Life Insurance Company*, 690 F.2d 595, 598 (6th Cir.1982). The Seventh Circuit, however, follows the apparent majority view, and holds that state law controls in determining the collateral estoppel effect of a prior decision. Specifically, the Seventh Circuit in *Nathan v. Tenna Corp.*, 560 F.2d 761 (7th Cir.1977), held that in the diversity action under consideration it was to look to the state law to determine the collateral estoppel effect of a party's guilty plea in a prior action. In *McCarty v. Amoco Pipeline Company*, 595 F.2d 389 (7th Cir.1979), the court, without discussion, applied Indiana's res judicata principles in the case before it. *See also, Wetherill v. University of Chicago*, 548 F.Supp. 66, 68 n. 5 (N.D.Ill.1982).

The Seventh Circuit did apply federal law in determining whether the offensive use of collateral estoppel was permissible in the case before it in *Crowder v. Lash*, 687 F.2d 996 (7th Cir.1982). The *Crowder* decision, however, can be reconciled with the earlier Seventh Circuit opinions discussed above. It is generally recognized that when a federal court sitting in diversity is considering the collateral estoppel effect of a prior *federal* judgment, federal common law is to control. *Reimer, supra*, 663 F.2d at 1325 n. 9. In *Crowder v. Lash*, the prior judgment was a federal district court decision. Thus, the Seventh Circuit in *Crowder v. Lash* properly relied on federal common law in determining whether the offensive use of collateral estoppel was proper.

Any doubt as to the propriety of a federal court sitting in diversity looking to the state's law of collateral estoppel to determine the effect of a prior state court judgment has been resolved in *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). There the Court has before it the issue of whether collateral estoppel was applicable in a § 1983 suit. After recognizing the principle that collateral estoppel can be used offensively in the federal system, the Court went on to state as follows:

> Indeed, though the federal courts may look to the common law or to the policy supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the state from which the judgments emerged would do so:
>
> > The ... judicial proceedings of any court of any state ... shall have the same full faith and credit in every court within the United States and its territories and possessions as they

have by law or usage in the courts of such state .... 28 U.S.C. § 1738 [28 U.S.C.S. § 1738].

449 U.S. at 95–96, 101 S.Ct. at 415–16.

In *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), the Court expanded on its discussion in *Allen v. McCurry, supra.* The Supreme Court therein stated that:

It has long been established that § 1738 *does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the state from which the judgment is taken.* (emphasis added)

456 U.S. at 481–82, 102 S.Ct. at 1897. See also, *Haring v. Prosise,* —— U.S. ——, 103 S.Ct. 2368 n. 6, 76 L.Ed.2d 595 (1983).

It is clear that under the majority rule, state law is to control in determining the collateral estoppel effect of a prior state court judgment. This is also the rule that has been adopted in this circuit. Moreover, apart from the *Erie* principles, the Supreme Court of the United States has recognized, relying on 28 U.S.C. § 1738, that federal courts cannot give preclusive effect to a prior State Court judgment if the state courts would not do the same. Under either analysis, state law is to control here.

The law in Indiana requires both identity of parties and mutuality of estoppel before collateral estoppel may be relied upon in an action. From this rule, it follows that the offensive use of collateral estoppel is not permitted in Indiana. Therefore, the motion for summary judgment of Katheryn Alsup and Coetta Morris is denied.

## II.

The court will now address the motion for partial summary judgment of plaintiff, George Alsup. Under the law of Indiana, it is generally recognized that there are four elements of res judicata: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter now in issue was, or might have been, determined in the former suit; (3) the particular controversy adjudicated in the former action must have been between parties to present suit or their privies, and (4) the judgment in the former suit must have been rendered on the merits. *Biggs v. Marsh*, Ind.App., 446 N.E.2d 977, 981 (1983).

There is no contention in this litigation disputing any of these elements with respect to the George Alsup litigation in the Marshall Circuit Court. The state court judgment was rendered by a court vested with proper jurisdiction, the liability issue, an issue on the merits, was fully litigated in the state court action, and the same question has again been put in issue in a subsequent proceeding. Therefore, the rule of collateral estoppel is appropriately invoked by the plaintiff in respect to his claims in this action.

Accordingly, it is the order of this court that the motion for partial summary judgment of plaintiffs Katheryn Alsup and Coetta Morris, be and hereby is DENIED; the motion for partial summary judgment of plaintiff, George Alsup, as to liability is GRANTED. SO ORDERED.